Stephen Varela
27410 Barcelona Dr.
Corona, CA 92883
(949) 624-1343
LycurgusDoctrine@gmail.com
Petitioner In Pro Per

FILED

CLERK, U.S. DISTRICT COURT

06-19-2026

CENTRAL DISTRICT OF CALIFORNIA

BY _____dgo_____ DEPUTY

DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

STEPHEN VARELA,

        Plaintiff,

vs.

ACCURATE BACKGROUND, INC.,

        Defendant.

Case No.: 5:26-cv-00258-KK-DTB

**EX PARTE APPLICATION TO: SUBSTITUTE ATTORNEY OF RECORD AND PROCEED PRO SE; AND VACATE THE VOLUNTARY DISMISSAL PURSUANT TO FRCP 60(B)(3) AND (6)**

**[FILED PURSUANT TO L.R. 7-19]**

Hearing Date: Chamber Review Requested
Action Filed: January 2026
Dismissal Entered: June 2, 2026

**NOTICE OF EX PARTE APPLICATION TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Plaintiff Stephen Varela hereby moves this Court on an ex parte basis pursuant to Central District of California Local Rule 7-19 and Federal Rule of Civil Procedure 60(b)(3) and (6) for an order to:

    1. Terminate representation by former counsel FCRA Attorneys PLLC (operating as

EX PARTE APPLICATION TO: SUBSTITUTE ATTORNEY OF RECORD AND PROCEED PRO SE; AND VACATE THE VOLUNTARY DISMISSAL PURSUANT TO FRCP 60(B)(3) AND (6)

1

2.  Texas Debt Law and Shawn Jaffer & Associates), Stephen Jones, and Shawn Jaffer, and substitute Plaintiff pro se as the active litigant.

3.  Vacate the Joint Stipulation of Dismissal with Prejudice entered on June 2, 2026.

4.  Request that the Court consider whether to keep this case active on the docket until payment is completed, freeze attorney fees, order a forfeiture or reduction of fees, and make any appropriate contempt findings or disciplinary referrals.

Pursuant to Local Rule 7-19, Plaintiff provided email notice of this application to defense counsel (Seyfarth Shaw LLP) on June 15, 2026. Defendant responded on June 15, 2026, stating that Defendant takes no position regarding the attorney-client substitution but objects to vacating the dismissal. Plaintiff provided independent email notice to former counsel on June 17, 2026, at 7:32 AM PST. Former counsel did not respond by the requested 4:00 PM PST deadline. Immediate judicial review is requested because Plaintiff is currently unrepresented and does not possess his client files or settlement proceeds.

## MEMORANDUM OF POINTS AND AUTHORITIES

I. Factual Timeline of Events

1.  **January 2026**: Plaintiff filed this action against Defendant Accurate Background, Inc.

2.  **May 6, 2026**: A settlement agreement for **$35,000.00** inclusive of fees was executed, as shown in the file named **"Signed SA-Varela v. Accurate.pdf."**

3.  **May 28, 2026**: Defendant Accurate Background, Inc wired the full $35,000.00 settlement proceeds to former counsel's trust account.

///

EX PARTE APPLICATION TO: SUBSTITUTE ATTORNEY OF RECORD AND PROCEED PRO SE; AND  VACATE THE VOLUNTARY DISMISSAL PURSUANT TO FRCP 60(B)(3) AND (6)

4. **June 1, 2026**: Former counsel presented Plaintiff with an internal wire authorization form and a disbursement ledger specifying a net payment of **$15,758.70** to Plaintiff. Plaintiff executed these documents, as referenced in **"Varela Wire authorization form.pdf"** and **"Signed Settlement breakdown letter .pdf"**.

5. **June 2, 2026**: Former counsel filed the Joint Stipulation of Dismissal with Prejudice. On the same day, attorney Stephen Jones stated via email that wire approvals occur at the end of the week and that Plaintiff's case file would take a few days to compile due to paralegal training.

6. **June 3, 2026:** Attorney Stephen Jones sent an email stating that firm owner Shawn Jaffer required Plaintiff to record a video holding his identification before funds would be disbursed.

7. **June 4, 2026**: Defense counsel Pamela Devata confirmed via email that the settlement funds had been sent to former counsel on May 28, 2026. Plaintiff emailed former counsel requesting disbursement and objecting to the video requirement.

8. **June 5, 2026**: Plaintiff provided former counsel with written notice containing his California Driver's License photograph and signature, instructing that funds be sent only to his personal Chase account, as shown in **"Gmail5.pdf"**.

9. **June 8, 2026**: Plaintiff sent a formal demand for a trust account ledger and his case file via email, as shown in **"Gmail6.pdf"**. Former counsel did not provide the ledger.

10. J**une 15, 2026:** Plaintiff sent a formal termination notice to former counsel, as shown

///

EX PARTE APPLICATION TO: SUBSTITUTE ATTORNEY OF RECORD AND PROCEED PRO SE; AND  VACATE THE VOLUNTARY DISMISSAL PURSUANT TO FRCP 60(B)(3) AND (6)

3

in **"Gmail7termination.pdf"**. Former counsel provided an electronic link to a case file. As documented in "**ModifiedCaseFile.pdf**", the file metadata indicates that the files were modified on the same day by "Nuha Mohammad". The file did not contain internal case notes, messages, emails, or prior settlement offers.

11. **June 17, 2026:** Plaintiff emailed a formal Local Rule 7-19 notice to former counsel  at 7:32 AM PST, requested a response by 4:00 PM PST, and received no reply.

II. Argument and Requests for Judicial Consideration

A. Notice and Standing Under Local Rule 7-19

Plaintiff has provided separate, direct email notifications to both opposing counsel and former counsel, detailing the precise filing date and items requested. Opposite counsel's neutral position on substitution has been noted. Former counsel's timeline has been logged.

B. Relief Under Rule 60(b)

A court may grant relief from a voluntary dismissal under Rule 60(b)(3) based on the acts or omissions of a party's representative, or under Rule 60(b)(6) when a structural breakdown in the attorney-client relationship leaves a party without representation. Here, the cleared settlement funds have been in former counsel's possession since May 28, 2026, and a dismissal was entered on June 2, 2026, without disbursement to the client. The case file provided on June 15, 2026, lacks internal notes, emails, and messaging records.

Plaintiff respectfully requests that the Court consider the following remedies:

1. Vacate the dismissal order to restore jurisdiction over the matter.

2. Keep the case active on the Court's docket until payment is verified.

///

EX PARTE APPLICATION TO: SUBSTITUTE ATTORNEY OF RECORD AND PROCEED PRO SE; AND  VACATE THE VOLUNTARY DISMISSAL PURSUANT TO FRCP 60(B)(3) AND (6)

3.  Review whether to freeze attorney fees, order a reduction or forfeiture of fees based on the timeline of events, or issue any appropriate contempt findings or disciplinary referrals regarding the trust account handling.

Dated: June 18, 2026

Respectfully submitted,

*Stephen Varela*

Stephen Varela
Plaintiff Pro Se

EX PARTE APPLICATION TO: SUBSTITUTE ATTORNEY OF RECORD AND PROCEED PRO SE; AND  VACATE THE VOLUNTARY
DISMISSAL PURSUANT TO FRCP 60(B)(3) AND (6)

Stephen Varela
27410 Barcelona Dr.
Corona, CA 92883
(949) 624-1343
LycurgusDoctrine@gmail.com
Petitioner In Pro Per

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN VARELA, | **Case No.: 5:26-cv-00258-KK-DTB** |
| Plaintiff, | |
| vs. | **SWORN DECLARATION OF PLAINTIFF STEPHEN VARELA** |
| ACCURATE BACKGROUND, INC., | |
| Defendant. | Hearing Date: Chamber Review Requested<br>Action Filed: January 2026<br>Dismissal Entered: June 2, 2026 |

I, Stephen Varela, declare under penalty of perjury pursuant to the laws of the United States of America:

I am the Plaintiff proceeding pro se in this action, residing at 27410 Barcelona Dr., Corona, CA 92883.

On June 15, 2026, I sent formal email notice of my intent to file this application to defense counsel at Seyfarth Shaw LLP.

On June 15, 2026, partner Pamela Devata confirmed that settlement funds were delivered to my former counsel on May 28, 2026.

On June 17, 2026, at 7:32 AM PST, I delivered formal notice of this application to former counsel Shawn Jaffer and Stephen Jones. I received no response by the 4:00 PM PST deadline.

I have received an automated electronic file link, but I have not received a trust account ledger, internal communications, or settlement notes.

1. A true and correct copy of the settlement agreement is attached as Exhibit A.

2. A true and correct copy of the post-dismissal email communications from June 1–3, 2026, is attached as Exhibit B.

3. A true and correct copy of the June 4, 2026, verification email from Pamela Devata is attached as Exhibit C.

4. A true and correct copy of my written identity verification and banking lock notice dated June 5, 2026, is attached as Exhibit D.

5. A true and correct copy of my formal trust account ledger and case file demand dated June 8, 2026, is attached as Exhibit E.

6. A true and correct copy of my formal Notice of Termination for Cause dated June 15, 2026, is attached as Exhibit F.

7. A true and correct copy of my formal Local Rule 7-19 notice sent to Seyfarth Shaw LLP on June 15, 2026, is attached as Exhibit G.

8. A true and correct copy of the email response from Pamela Devata dated June 15, 2026, detailing the defense position, is attached as Exhibit H.

9. A true and correct copy of my standalone formal notice email sent to former counsel on June 17, 2026, is attached as Exhibit I. I received no response to this notification by the 4:00 PM PST deadline.

10. A true and correct copy of the SharePoint metadata log documenting the simultaneous modification of files is attached as Exhibit J.

11. A true and correct copy of the Retainer Agreement is attached as Exhibit K.

12. A true and correct copy of the Client Settlement Breakdown is attached as Exhibit L.

13. A true and correct copy of the Wire Transfer Authorization Form is attached as Exhibit M.

14. I have received an automated electronic file link, but I have not received a trust account ledger, internal communications, or settlement notes. A true and correct copy of the email with the link is attached as Exhibit N.

15. Due to a technical delay regarding the EDSS submission system, former counsel as well as opposing counsel was notified an additional time to comply with the 24 hour notice on June 18, 2026.

Executed this 18th day of June, 2026, in Temescal Valley, California.

_Stephen Varela_

Stephen Varela

SWORN DECLARATION OF PLAINTIFF STEPHEN VARELA

3

# EXHIBIT A

Docusign Envelope ID: FADED04F-0558-45F0-89FD-CF51C314DF35

## CONFIDENTIAL SETTLEMENT, RELEASE, AND COVENANT NOT TO SUE AGREEMENT

This Agreement is entered into between Plaintiff Stephen Varela ("Plaintiff" or "Varela") and Accurate Background, LLC ("Accurate") (collectively referred to as the "Parties").

### RECITALS

**WHEREAS**, there is a pending action in the United States District Court for the Central District of California, captioned _Stephen Varela v. Accurate Background, LLC_, Case No. 5:26-cv-258 (the "Lawsuit"), which has not yet been decided; and

**WHEREAS**, Plaintiff represents that Plaintiff has not filed (or has not threatened to file) any other complaints or charges against Accurate or the other "Releasees" (as defined herein), including but not limited to any formal or informal complaints with any government agency; and

**WHEREAS**, Accurate denies all of Plaintiff's claims and allegations in the Lawsuit; and

**WHEREAS**, this Agreement was negotiated by the Parties by counsel of their choosing, and the Parties have had the opportunity to confer with such counsel regarding the terms of this Agreement; and

**WHEREAS**, the Parties have reached agreement on all substantive settlement terms with respect to the claims against Accurate as part of the Lawsuit and any and all other claims Plaintiff could have brought against Accurate and/or the Releasees.

Each of the foregoing recitals are incorporated by reference as provisions of the Agreement set forth below.

### AGREEMENT

**NOW THEREFORE**, in view of the Parties' desire to avoid further litigation and to resolve all claims that Plaintiff has, or may have, against Accurate and/or the Releasees

including, but not limited to, any and all claims in the Lawsuit and any and all claims arising out

of Accurate's issuance of consumer report(s) about Plaintiff, the Parties agree as follows:

    **1.**      **Consideration.**  In consideration for the promises Plaintiff has made in this

Agreement, and contingent upon Plaintiff's fulfillment of the conditions of this Agreement,

Accurate agrees to pay Plaintiff and Plaintiff's attorneys the total amount of Thirty Five

Thousand Dollars and Zero Cents ($35,000.00), inclusive of all attorneys' fees and costs, as a

full and final settlement of any and all claims, including, but not limited to, any and all

allegations or claims asserted in the Lawsuit, or any other claims that Plaintiff may have against

Accurate and/or the Releasees as of the date of this Agreement (the "Settlement Payment").  The

Settlement Payment shall be made payable by wire/ACH transfer payable to FCRA Attorneys

("Plaintiff's Counsel").  Accurate's receipt of IRS Form W-9s completed and executed by

Plaintiff and Plaintiff's Counsel is a condition precedent to this payment.  Accurate agrees to

send the Settlement Payment via wire/ACH transfer in accordance with the wire/ACH

instructions provided by Plaintiff's Counsel.  IRS Form 1099s will be issued to Plaintiff and

Plaintiff's Counsel reflecting this payment.

    Plaintiff acknowledges that Plaintiff has not relied on any statement or representations by

Accurate or its attorneys with respect to the tax treatment of the payments described in this

Paragraph and that Plaintiff is solely responsible for all tax payments required under the law.  If

any taxing body determines that amounts should have been withheld from the payments provided

for in this Paragraph, Plaintiff acknowledges and assumes all responsibility for the payment of

all such taxes and agrees to indemnify and hold Accurate harmless for the payment of any such

taxes, the failure to withhold, and any interest or penalties.

Doc ID: 0f6b3442714999a115a950259c7a0c07b5b2bff5

Plaintiff further acknowledges and agrees that the consideration described above is good, valuable, and sufficient consideration for this Agreement.  The Parties agree that the gross sum represents the settlement of any and all claims against Accurate and/or the Releasees that relate or pertain to the Lawsuit, including all claims for emotional distress and/or punitive damages and attorneys' fees.

2.     **Timing of Payment.**  The payment described in Paragraph 1 will be sent to Plaintiff's Counsel no later than thirty (30) days after the latest of the following events: (i) Accurate's counsel of record in the Lawsuit, Pamela Q. Devata and John W. Drury of Seyfarth Shaw LLP ("Accurate's Counsel"), receive a copy of this Agreement signed by Plaintiff; (ii) Accurate's Counsel receive completed and signed IRS Form W-9s from Plaintiff and from Plaintiff's Counsel; and (iii) Accurate's Counsel receive wire/ACH instructions from Plaintiff's Counsel.

3.     **Dismissal of the Litigation.**  Within five (5) business days following receipt of the settlement proceeds in Paragraph 1, the Parties shall file a dismissal of the Lawsuit pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure.  The dismissal of any and all claims belonging to Plaintiff against Accurate and/or the Releasees will be with prejudice. Plaintiff agrees to file any other such withdrawals, stipulations, affidavits, and other documents as may be required to accomplish the dismissal and/or withdrawal, with prejudice, and without attorneys' fees or costs, of any other action or legal proceeding, administrative or judicial, now pending concerning any claim Plaintiff may have made against Accurate and/or the Releasees.

4.     **Plaintiff's Waiver and General Release of Claims.**  In consideration for the promises set forth in this Agreement, Plaintiff, and Plaintiff's heirs, representatives, attorneys, executors, administrators, successors, and assigns ("Releasors") release, acquit, and forever

3

Docusign Envelope ID: FADED04F-0558-45F9-89FD-CF51C314DF35

discharge Accurate and all of its current and former affiliates, subsidiary and parent entities, and its, and their, respective owners, officers, directors, servants, agents, customers, contractors, vendors, insurers, employees and former employees, representatives, and attorneys past, present and future, and all persons acting under, by, through, or in concert with any of them (collectively "Releasees"), from any and all actions, causes of action, obligations, costs, expenses, damages, losses, claims, liabilities, suits, debts, demands, and benefits (including attorneys' fees and costs actually incurred), of whatever character, in law or in equity, known or unknown, suspected or unsuspected, matured or unmatured, of any kind or nature whatsoever, now existing or arising in the future, based on any act, omission, event, occurrence, or nonoccurrence from the beginning of time to the effective date of this Agreement including, but not limited to, all claims and causes of action made in the Lawsuit, any claims and causes of action that could have been brought against Accurate and/or the Releasees, and any claims and causes of action related to or any way growing out of Accurate's issuance of consumer report(s) about Plaintiff up to the date Plaintiff signs this agreement.  The claims and causes of action Plaintiff is releasing and waiving include, but are not limited to, any and all claims and causes of action that Accurate:

- violated any obligation or duty as to Plaintiff under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x;

- violated statutory, public policy, or common law; or

- violated any federal, state or local law, ordinance or regulation.

(a)     It is the Parties' intention that this Agreement is a general release that shall be effective as a bar to each and every claim, demand, or cause of action released.  Plaintiff recognizes that Plaintiff may have some claim, demand, or cause of action against Accurate of which Plaintiff is totally unaware and unsuspecting but which Plaintiff is giving up by the execution of this Agreement.  It is the Parties' intention in executing this Agreement that it will

4

Doc ID: 0f6b3442714999a115a950259c7a0c07b5b2bff5

deprive Plaintiff of each such claim, demand, or cause of action and prevent Plaintiff from asserting it against Accurate and/or the Releasees, despite the fact that California Civil Code Section 1542 may provide otherwise. Plaintiff expressly waives any right or benefit available to Plaintiff in any capacity under the provisions of California Code Section 1542, which provides as follows:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

(a)      Excluded from this waiver and release is any claim or right that cannot be waived by law, including all claims arising after the date of this Agreement and the right to file a charge with or participate in an investigation conducted by an administrative agency. However, Plaintiff is releasing Plaintiff's right to recover any monetary or non-monetary relief (including, but not limited to, compensatory, liquidated, or punitive damages, attorney's fees or costs) in connection with a charge and/or investigation filed or initiated by Plaintiff, another individual, group of individuals, with any federal or state agency, for any claim or cause of action of any type arising at any time prior to the Effective Date of this Agreement. The provisions of this Paragraph do not extend nor apply to or in any way affect or limit any rights or obligations under or to enforce this Agreement. This Agreement may be used by Accurate and/or a Releasee in any proceeding against any of them.

**5.      Confidentiality And Non-Disparagement.** Plaintiff and Plaintiff's attorneys agree to keep the terms and conditions of this Agreement and all discussions regarding the negotiation of this Agreement confidential. Plaintiff hereby represents and warrants that Plaintiff will not individually, jointly, or through Plaintiff's attorneys or other representatives, family members, or those acting on Plaintiff's behalf in any manner publish, publicize, or otherwise

5

make known to any person the existence of this Agreement and/or the terms and conditions of this Agreement and the settlement discussions that led up to it, except to state that "the case has been resolved." The provisions of Paragraph 5 are a material part of this Agreement and constitute a substantial factor in Accurate's decision to enter into this Agreement.

Plaintiff agrees not to make any public statements (regardless of medium) intended to disparage Accurate regarding any events which took place up until the date this Agreement is signed, including but not limited to anything relating to the Lawsuit or the consumer report(s) prepared on Plaintiff.

This Paragraph shall not be construed, however, to prevent Plaintiff from disclosing the facts of this case as a part of any governmental agency inquiry into Accurate. Furthermore, this Paragraph shall not be construed, to prevent Plaintiff from disclosing information to Plaintiff's immediate family and to any attorney, accountant, or tax advisor with whom Plaintiff may consult for the purpose of obtaining professional advice or services, or to any governmental taxing authority or to any court or judicial officer or pursuant to any court order.

6.    **Covenant Not To Sue.** A "covenant not to sue" is a legal term which means a person promises not to file a lawsuit in court. It is different from the release contained in Paragraph 4 above. In addition to waiving and releasing the claims covered by Paragraph 4 above, Plaintiff agrees never to sue Accurate in any forum for any claims, laws, or theories covered by the release language in Paragraph 4 above, which arose prior to the date this Agreement is executed. Plaintiff further agrees never to sue in Plaintiff's individual capacity, or in a representative capacity on behalf of others similarly situated or purported to be members of a class or collective action, or as a purported member of a class or collective action, for any claims, laws, or theories covered by the release language in Paragraph 4 above, which arose prior to the

6

date this Agreement is executed.  Notwithstanding this Covenant Not To Sue, any Party may bring a claim against another Party to enforce this Agreement.

7.      **Non-Admission And Inadmissibility.**  This Agreement is entered into in compromise of disputed claims.  Plaintiff acknowledges that Accurate does not admit that it has done anything wrong, and that it specifically states that it has not violated or abridged any federal, state, or local law or ordinance, or any right or obligation that it may owe or may have owed to Plaintiff.  Except for a proceeding alleging a breach of this Agreement or any proceeding in which a defense is asserted based on any provision of this Agreement or as otherwise required by law, no Party will seek admission of this Agreement into any legal proceeding, except upon written consent of the other Party.

8.      **Voluntary And Knowing Agreement.**  The Parties hereby warrant and represent that:

(a)      they are competent, as a matter of law, to enter into this Agreement;

(b)      they have by this Agreement been advised and encouraged in writing to consult with their attorneys before signing this Agreement;

(c)      they have relied on their own judgment and that of their counsel regarding the consideration for and language of this Agreement;

(d)      they understand this document and have obtained answers to questions which they have raised about the document; and

(e)      no statements made by either party or any other individual or entity have in any way coerced or unduly influenced their decision to execute this Agreement.

9.      **Entire Agreement.**  Except as provided in this Paragraph, this Agreement constitutes the entire agreement between the Parties regarding the resolution of the Lawsuit, and supersedes any written or oral understanding, promise or agreement that is not referred to and incorporated in this Agreement.  This Agreement may be changed only by a writing signed by all Parties.  The Parties acknowledge that in deciding to sign this Agreement, none of the Parties

7

have relied on any representations, statements, promises or agreements that are not expressly set forth in this Agreement.

**10.** **Choice of Law, Interpretation, and Severability.** The Parties agree that this Agreement shall be governed by California law.  The Parties agree that this Agreement shall not be construed against any party on account of authorship and, if a court finds any part of this Agreement to be illegal or invalid, the illegal or invalid portion of the Agreement shall be severed and the remainder of the Agreement will be deemed enforceable.

**11.** **Counterparts.** This Settlement Agreement may be executed in one or more counterparts, all of which, when taken together, shall constitute on original agreement.

**12.** **Effective Agreement.** This Settlement Agreement shall be effective as of the date that a copy of this Agreement is fully executed by both Plaintiff and Accurate ("Effective Date").

**I HAVE CAREFULLY READ THE FOREGOING SETTLEMENT AGREEMENT AND GENERAL RELEASE, AND I FULLY UNDERSTAND EACH OF ITS TERMS.  I HAVE FULL KNOWLEDGE AND UNDERSTANDING OF ITS LEGAL CONSEQUENCES.**

STEPHEN VARELA

BY: _____

ACCURATE BACKGROUND, LLC

BY: _Signed by:_ Tiffany Willis _____
    17F71AA3FE1E41A...

DATE 05 / 05 / 2026 _____

DATE May 6, 2026 _____

8

Doc ID: 0f6b3442714999a115a950259c7a0c07b5b2bff5

Docusign Envelope ID: FADED04F-0558-45F0-89FB-CE51C314DF35

 **Dropbox** Sign                                                    Audit trail

| | |
|---|---|
| **Title** | Settlement Agreement - Stephen Varela v Accurate |
| **File name** | Varela__Stephen_v...325631776.1_.docx |
| **Document ID** | 0f6b3442714999a115a950259c7a0c07b5b2bff5 |
| **Audit trail date format** | MM / DD / YYYY |
| **Status** | ● Signed |

## Document history

|  | | |
|---|---|---|
| **SENT** | **05 / 05 / 2026** 21:28:17 UTC | Sent for signature to Stephen Varela (lycurgusdoctrine@gmail.com) from intake@fcraattorneys.com IP: 73.6.87.117 |
| **VIEWED** | **05 / 05 / 2026** 21:28:34 UTC | Viewed by Stephen Varela (lycurgusdoctrine@gmail.com) IP: 47.159.65.108 |
| **SIGNED** | **05 / 05 / 2026** 21:29:18 UTC | Signed by Stephen Varela (lycurgusdoctrine@gmail.com) IP: 47.159.65.108 |
| **COMPLETED** | **05 / 05 / 2026** 21:29:18 UTC | The document has been completed. |

Powered by **Dropbox** Sign

# EXHIBIT B

**FORMAL LEGAL NOTICE:** June. 5™. 2026

PI|3 Absolute Withholding of Trust Funds / Explicit Anti-Fraud Notice – Case No. 5:26-cv-258

Mr. Jones,

This correspondence serves as a formal legal notice to further document your firm's ongoing refusal to distribute my cleared portion of the settlement proceeds, in direct violation of Section 5.8 of our agreement and Texas Disciplinary Rule 1.14.

As of today, Friday, June 5, 2026, the global court-ordered deadline for this matter has expired, and no portion of my settlement disbursement has been deposited into my designated California Chase personal account.

Despite my execution of your internal disbursement sheet and my submission of verified commercial banking direct-deposit documentation, Jaffer & Associates PLLC (also operating as "FCRA Attorneys" and "Texas Debt Law") continues to unlawfully withhold $15,758.70 of my cleared settlement proceeds in violation of Texas Disciplinary Rule 1.14 governing client trust accounts.

Opposing counsel at Seyfarth Shaw LLP confirmed that the settlement funds were delivered to your firm on May 28, 2026. Your continued refusal to release my funds while conditioning payment on a non-contractual biometric video recording constitutes an ongoing breach of your fiduciary duties and an impermissible conversion of client trust property under Rule 1.14.

Opposing counsel has been formally notified of this trust-account withholding. Accordingly, any attempt by either firm to file a joint stipulation of dismissal or otherwise represent to the federal court that this matter has been resolved would constitute a bad-faith submission of a fraudulent document, exposing both firms to immediate sanctions and malpractice exposure under Federal Rule of Civil Procedure 60(b).

Your firm's decision to allow the court-mandated deadline to lapse while continuing to impose non-contractual conditions on the release of my own cleared funds places Jaffer & Associates PLLC aka "FCRA ATTORNEYS" aka "TEXAS DEBT LAW" in active, ongoing violation of Rule 1.14 and raises serious concerns regarding bad-faith handling of client trust assets.

For the absolute avoidance of doubt and to preserve the evidentiary record, I am issuing the following formal directives regarding my identity, my banking institution, and the security of my funds:

1. Exclusive Authorized Channels:

I have exclusively utilized only two email addresses for the entire duration of this matter:

stephenvarela93@gmail.com & lycurgusdoctrine@gmail.com.

I maintain sole, verified access to both and have not nor will not along with having ever provided any other instructions in any other format be that any alternative address or phone call.

2. Denial of External Authorization & Institutional Routing Lock:

P2|3

Any claim, indication, document, authorization language, or directive suggesting that I have authorized the redirection of my funds to any account, entity, or routing number not explicitly under my legal name and Social Security number is entirely fraudulent, unauthorized, and invalid. My CHASE bank account is, has been, and will remain the only destination I have ever authorized for this disbursement.

3. Verified Institutional Accounts:

My explicit banking details, matching my official records, are strictly confined to the beneficiary information already provided on the signed disbursement form including IP metadata.

No authorization exists for any alternate routing location, processing branch, or third-party account.

4. Fiduciary Estoppel:

Your office has relied entirely on these exact email channels to request, receive, and execute my W-9, SSN, binding settlement signatures, wire authorization signature, and internal disbursement signature. Under the doctrine of estoppel, you cannot contractually recognize my identity via these channels to bind me to a settlement, yet simultaneously claim my identity is "unverified" to withhold my cleared funds.

5. Rejection of Pretextual Hurdles:

Your ongoing insistence on a non-contractual biometric video recording is rejected as a bad-faith, non-binding impediment to distribution. To eliminate any legitimate institutional concern, my personal banker at Chase remains available to speak with your office immediately to verify my identity and confirm that the account information on the signed disbursement form matches their records.

If your office chooses to ignore standard, verified commercial banking protocols and continues to maintain an unlawful hold on my $15,758.70, that decision will be documented accordingly and at your own professional liability.

Be advised that all communications, contract clauses, and written admissions of withholding have been formally submitted to the Texas State Bar, and the Federal Bureau of Investigation with pending investigation into all claims.

This is my final correspondence on this matter.

Any further contact from your firm must consist of written solutions regarding fulfillment of your fiduciary and ethical obligations.

P3/3

No other documentation exists that supersedes the aforementioned in any format prior since the inception of representation to present day.

Signed:

*Stephen Varela*

Stephen Varela

(949) 624-1343

27410 Barcelona Dr,

Corona, CA 92883

06/05/2026



P3/3

This is my final correspondence on this matter.
Any further contact from your firm must consist of written solutions regarding fulfillment of your fiduciary and ethical obligations.

No other documentation exists that supersedes the aforementioned in any format prior since the inception of representation to present day.

Signed:
*Stephen Varela*                    06/05/2026
Stephen Varela
(949) 624-1343
27410 Barcelona Dr,
Corona, CA 92883

# EXHIBIT C

 Gmail

Stephen Varela <lycurgusdoctrine@gmail.com>

## Re: Settlement Disbursement
1 message

**Stephen Jones** <stephen@fcraattorneys.com>                                                Thu, Jun 4, 2026 at 12:02 PM
To: Stephen Varela <lycurgusdoctrine@gmail.com>
Cc: Audrey Cate <audrey@fcraattorneys.com>, Ashlee Sanchez <Ashlee@fcraattorneys.com>

Nobody is holding funds hostage.  The firm simply wants to make sure we are not mistakenly sending
money to the wrong place.  Given the ease of recording videos with modern phones, this is a reasonable
and proportionate way to make sure we are sending the money to the correct party.  Nobody here is doing
anything unlawful in taking reasonable precautions in matters involving large sums of money.

Stephen T. Jones
Associate Attorney
FCRA Attorneys
5301 Alpha Rd, Suite 80-5
Dallas, TX 75240
T: (469) 589-5601
F: (469) 669-0786

**FCRA ATTORNEYS**

**From:** Stephen Varela <lycurgusdoctrine@gmail.com>
**Sent:** Thursday, June 4, 2026 1:53 PM
**To:** Stephen Jones <stephen@fcraattorneys.com>
**Cc:** Audrey Cate <audrey@fcraattorneys.com>; Ashlee Sanchez <Ashlee@fcraattorneys.com>
**Subject:** Re: Settlement Disbursement

So your firm is requiring the completion of an unlawful request in order for my settlement. Disbursement
funds to be provided to me. In other words you are holding my funds hostage until I comply with your
demands?

**Stephen Varela**
Authorized Correspondent
_____

Riverside, CA *(949) 624-1343*

On Thu, Jun 4, 2026 at 11:50 AM Stephen Jones <stephen@fcraattorneys.com> wrote:
  We are still waiting on the requested video proof.  Please send that over as soon as possible.

  Stephen T. Jones
  Associate Attorney
  FCRA Attorneys
  5301 Alpha Rd, Suite 80-5
  Dallas, TX 75240
  T: (469) 589-5601

F: (469) 669-0786



**From:** Stephen Varela <lycurgusdoctrine@gmail.com>
**Sent:** Thursday, June 4, 2026 1:43 PM
**To:** Stephen Jones <stephen@fcraattorneys.com>
**Cc:** Audrey Cate <audrey@fcraattorneys.com>; Ashlee Sanchez <Ashlee@fcraattorneys.com>
**Subject:** Re: Settlement Disbursement

When is my money being wired counsel?


**Stephen Varela**
Authorized Correspondent

_____

Riverside, CA *(949) 624-1343*


On Thu, Jun 4, 2026 at 7:20 AM Stephen Jones <stephen@fcraattorneys.com> wrote:
> Opposing counsel has informed me that you contacted them about this case.  The ethics rules prohibit an attorney from contact the opposing party without their attorney present or without permission from their attorney.  Therefore, the attorneys from Accurate Background are not allowed to communicate with you.  Please refrain from contacting them as they do not want to get into trouble.
>
> Stephen T. Jones
> Associate Attorney
> FCRA Attorneys
> 5301 Alpha Rd, Suite 80-5
> Dallas, TX 75240
> T: (469) 589-5601
> F: (469) 669-0786



**From:** Stephen Varela <lycurgusdoctrine@gmail.com>
**Sent:** Wednesday, June 3, 2026 4:36 PM
**To:** Stephen Jones <stephen@fcraattorneys.com>
**Cc:** Audrey Cate <audrey@fcraattorneys.com>; Ashlee Sanchez <Ashlee@fcraattorneys.com>
**Subject:** Re: Settlement Disbursement

FINAL NOTICE: Immediate Disbursement Required / Case No. 5:26-cv-258

Mr. Jones,

Frankly, I do not care about your firm's administrative preferences, internal batching schedules, or fabricated verification hurdles that violate trust account procedures.

As of right now, your firm is exactly two days away from violating the terms of the settlement agreement itself, while actively remaining in flagrant breach of our own signed Retainer Agreement protocols.

If your firm continues to hold my cleared disbursement hostage under these bad-faith pretexts, I will allow the allotted settlement timeline to expire and immediately proceed with the following actions:

1. State Bar Prosecutions:
The Chief Disciplinary Counsel will receive copies of these ongoing emails to supplement the active rule violation complaints already filed against both you and Shawn Jaffer for intentional trust-account withholding and file suppression.

2. Criminal Complaint:
Because these actions involve the intentional, multi-day withholding of cleared federal litigation settlement funds crossed over state lines under manufactured pretexts, I will file a formal criminal complaint with the Federal Bureau of Investigation (FBI) for the unlawful conversion and misdirection of client trust funds.

The routing information, matching W-9, and signed disbursement sheet are in your possession. I will not jump through non-contractual hoops to receive my own money. You have until the close of business today to provide the federal wire tracking number, or I will let the timeline expire and let the regulators and federal authorities handle your firm.

**Stephen Varela**
Authorized Correspondent

Riverside, CA *(949) 624-1343*

On Wed, Jun 3, 2026 at 2:26 PM Stephen Jones <stephen@fcraattorneys.com> wrote:
Exchanging documents is one thing, but exchanging large sums of money is very different.

Stephen T. Jones
Associate Attorney
FCRA Attorneys
5301 Alpha Rd, Suite 80-5
Dallas, TX 75240
T: (469) 589-5601
F: (469) 669-0786



**From:** Stephen Varela <stephenvarela93@gmail.com>
**Sent:** Wednesday, June 3, 2026 4:11 PM
**To:** ecf jaffer <ecf@jaffer.law>; Stephen Jones <stephen@fcraattorneys.com>
**Cc:** lycurgusdoctrine@gmail.com <lycurgusdoctrine@gmail.com>; Audrey Cate <audrey@fcraattorneys.com>; Ashlee Sanchez <Ashlee@fcraattorneys.com>
**Subject:** Re: Settlement Disbursement

Mr.Jones,

Your request for a video of me holding my ID is not a legal requirement, nor has it ever been part of this firm's process during the entirety of my representation. I need to be clear: you have repeatedly sent confidential documents, settlement materials, and case communications to my personal email, even after I notified you in writing to use this email address instead. At no point did your office express any concern about identity, security, or "scams" when sending those documents.

You also currently have my W-9, my Social Security number, my bank account information, and my signed disbursement — all of which are under my legal name and match the information already in your file from intake. If there were any genuine concern about identity, it would have been raised long before the moment of disbursement.

Introducing a new and unusual requirement only at the stage of releasing my settlement funds is unacceptable. This request is not standard practice, not required by any bank, and not required under Texas trust-account rules. I will not submit a video recording.

At this point, the continued delay in releasing my cleared settlement funds — despite having all necessary documentation — is improper. I expect the disbursement to be processed promptly without further unnecessary obstacles.

I will add this request within my bar complaints.


Stephen Varela

# EXHIBIT D

 **Gmail**

Stephen Varela <lycurgusdoctrine@gmail.com>

## Re: FCRA Attorneys Ref:0005144941

1 message

**Stephen Jones** <stephen@fcraattorneys.com>          Wed, Jun 3, 2026 at 1:56 PM
To: Stephen Varela <lycurgusdoctrine@gmail.com>
Cc: Audrey Cate <audrey@fcraattorneys.com>, Ashlee Sanchez <Ashlee@fcraattorneys.com>

There is a difference between the email address you used in your initial sign up and the email that you have used in your recent communications. Mr. Jaffer wants you to record a video of you holding your ID as authorization stating not to use the previous email provided and to use the new email. We are concerned about scams and do not wish to send the funds to the wrong person. With the proliferation of online hacking and the like, I am sure you can understand the precautions.

Stephen T. Jones
Associate Attorney
FCRA Attorneys
5301 Alpha Rd, Suite 80-5
Dallas, TX 75240
T: (469) 589-5601
F: (469) 669-0786

**FCRA ATTORNEYS**

**From:** Stephen Varela <lycurgusdoctrine@gmail.com>
**Sent:** Wednesday, June 3, 2026 3:40 PM
**To:** Stephen Jones <stephen@fcraattorneys.com>
**Cc:** Audrey Cate <audrey@fcraattorneys.com>; Ashlee Sanchez <Ashlee@fcraattorneys.com>
**Subject:** Re: FCRA Attorneys Ref:0005144941

What's the update counsel?

**Stephen Varela**
Authorized Correspondent
_____
Riverside, CA *(949) 624-1343*

On Tue, Jun 2, 2026 at 2:24 PM Stephen Jones <stephen@fcraattorneys.com> wrote:
> Nobody has refused to turn over your file or your money. I stated that my paralegal who works on those kinds of matters is training someone and has not been able to get to it. Once she is done with training, your file will be collected and turned over to you. There has never been any refusal to provide you with material to which you are entitled. Mr. Jaffer will likewise send the money to which you are entitled.
>
> Stephen T. Jones
> Associate Attorney
> FCRA Attorneys

5301 Alpha Rd, Suite 80-5
Dallas, TX 75240
T: (469) 589-5601
F: (469) 669-0786

# FCRA ATTORNEYS

---

**From:** Stephen Varela <lycurgusdoctrine@gmail.com>
**Sent:** Tuesday, June 2, 2026 4:08 PM
**To:** Stephen Jones <stephen@fcraattorneys.com>
**Cc:** Audrey Cate <audrey@fcraattorneys.com>; Ashlee Sanchez <Ashlee@fcraattorneys.com>
**Subject:** Re: FCRA Attorneys Ref:0005144941

Mr. Jones,

Please inform Shawn Jaffer that due to the firm's written refusal to promptly release my settlement funds, I am submitting a complaint to the State Bar of Texas Chief Disciplinary Counsel.

An internal office policy to hold cleared client funds until the "end of the week" is a direct, bad-faith violation of Texas Disciplinary Rule of Professional Conduct 1.14.

Furthermore, your written admission that my complete client file is being withheld due to internal paralegal training schedules is a direct violation of Texas Disciplinary Rule 1.15(d).

**Stephen Varela**
Authorized Correspondent

---

Riverside, CA *(949) 624-1343*

On Tue, Jun 2, 2026 at 1:53 PM Stephen Jones <stephen@fcraattorneys.com> wrote:

> Mr. Varela,
>
> Ashlee has scheduled the wire transfer, but all wires need to be approved by Shawn Jaffer, the owner of the firm.  I am not sure when he will review wire payments again.  Those usually get approved at the end of the week.
>
> My paralegal is working on your case file, but she has been training a new paralegal these last few days, and she might not be able to get your case file to you for a few days.  I will follow up with her.
>
> Stephen T. Jones
> Associate Attorney
> FCRA Attorneys
> 5301 Alpha Rd, Suite 80-5
> Dallas, TX 75240
> T: (469) 589-5601
> F: (469) 669-0786

6/17/26, 10:46 PM

Case 5:26-cv-00258-KK-DTB    Document 23    Filed 06/19/26    Page 32 of 84    Page ID
Gmail - Re: FCRA Attorneys Ref:0005144941
#:140

---

**From:** Stephen Varela <lycurgusdoctrine@gmail.com>
**Sent:** Tuesday, June 2, 2026 2:59 PM
**To:** Stephen Jones <stephen@fcraattorneys.com>
**Cc:** Audrey Cate <audrey@fcraattorneys.com>; Ashlee Sanchez <Ashlee@fcraattorneys.com>
**Subject:** Re: FCRA Attorneys Ref:0005144941

Mr. Jones,

I'm following up for a status update.

Please confirm whether the wire transfer has been sent and provide the wire confirmation number once available.

Additionally, I am requesting an update on my complete client file, which I have not yet received.

Please confirm when it will be provided.

Thank you,
**Stephen Varela**
Authorized Correspondent

Riverside, CA *(949) 624-1343*

On Mon, Jun 1, 2026 at 2:23 PM Stephen Jones <stephen@fcraattorneys.com> wrote:

I will remind the settlement department about the itemized breakdown.  I will also review the Checkr matter by the end of day tomorrow.

Stephen T. Jones
Associate Attorney
FCRA Attorneys
5301 Alpha Rd, Suite 80-5
Dallas, TX 75240
T: (469) 589-5601
F: (469) 669-0786

---

**From:** Stephen Varela <lycurgusdoctrine@gmail.com>
**Sent:** Monday, June 1, 2026 4:14 PM
**To:** Stephen Jones <stephen@fcraattorneys.com>
**Cc:** Audrey Cate <audrey@fcraattorneys.com>
**Subject:** Re: FCRA Attorneys Ref:0005144941

Mr. Jones,

I have completed and submitted the wire authorization form.

Before any disbursement is made, please provide the complete itemized settlement disbursement statement.

Also please get back to me regarding the new Checkr matter after review in a timely manner so we can discuss an additional retainer or so I may pursue alternative counsel if needed.

Thank you,
**Stephen Varela**
Authorized Correspondent
_____

Riverside, CA *(949) 624-1343*

On Mon, Jun 1, 2026 at 1:46 PM Stephen Jones <stephen@fcraattorneys.com> wrote:
> I will pass this form over to our settlement department.
>
> Stephen T. Jones
> Associate Attorney
> FCRA Attorneys
> 5301 Alpha Rd, Suite 80-5
> Dallas, TX 75240
> T: (469) 589-5601
> F: (469) 669-0786
>
> ---
>
> **From:** Stephen Varela <lycurgusdoctrine@gmail.com>
> **Sent:** Monday, June 1, 2026 3:42 PM
> **To:** Stephen Jones <stephen@fcraattorneys.com>
> **Cc:** Audrey Cate <audrey@fcraattorneys.com>
> **Subject:** Re: FCRA Attorneys Ref:0005144941
>
> Attached is the direct deposit form.
> For clarification is the form asking for my own routing number or CHASES number?
>
> **Stephen Varela**
> Authorized Correspondent
> _____
>
> Riverside, CA *(949) 624-1343*
>
> On Mon, Jun 1, 2026 at 11:41 AM Stephen Jones <stephen@fcraattorneys.com> wrote:
> > Send it on over.  I will take a look at it.
> >
> > Stephen T. Jones
> > Associate Attorney
> > FCRA Attorneys
> > 5301 Alpha Rd, Suite 80-5
> > Dallas, TX 75240
> > T: (469) 589-5601
> > F: (469) 669-0786
> >
> > ---
> >
> > **From:** Stephen Varela <lycurgusdoctrine@gmail.com>
> > **Sent:** Monday, June 1, 2026 1:32 PM
> > **To:** Stephen Jones <stephen@fcraattorneys.com>
> > **Cc:** Audrey Cate <audrey@fcraattorneys.com>
> > **Subject:** Re: FCRA Attorneys Ref:0005144941

Case 5:26-cv-00258-KK-DTB     Document 23     Filed 06/19/26     Page 34 of 84     Page ID #:142

Mr. Jones,

I received a CHECKR report containing the same prior outdated charges similar to what Accurate did from a background check.

Would you like to review the report?

**Stephen Varela**
Authorized Correspondent

Riverside, CA *(949) 624-1343*

On Fri, May 29, 2026 at 3:19 PM Stephen Jones <stephen@fcraattorneys.com> wrote:
> I have tried to answer all of your questions to the best of my ability and within my knowledge.  I simply do not know what more information I can provide you that will satisfy you.
>
> Yes.  That is my bar number.
>
> Stephen T. Jones
> Associate Attorney
> FCRA Attorneys
> 5301 Alpha Rd, Suite 80-5
> Dallas, TX 75240
> T: (469) 589-5601
> F: (469) 669-0786

---

**From:** Stephen Varela <lycurgusdoctrine@gmail.com>
**Sent:** Friday, May 29, 2026 5:15 PM
**To:** Stephen Jones <stephen@fcraattorneys.com>
**Cc:** Audrey Cate <audrey@fcraattorneys.com>
**Subject:** Re: FCRA Attorneys Ref:0005144941

Mr Jones,

Your responses continue to avoid direct answers to basic, non-speculative questions that fall squarely within your responsibilities as the attorney managing this file.

These are not preferences, they are standard client entitlements and core attorney obligations under both Texas and California law.

Please confirm this is your identification;
Texas Bar No.: 24094760

**Stephen Varela**
Authorized Correspondent

Riverside, CA *(949) 624-1343*

On Fri, May 29, 2026 at 3:03 PM Stephen Jones <stephen@fcraattorneys.com> wrote:
> Generally, if the other side does not comply within deadlines, we file a motion with the court to force compliance.  I have no fear that will need to happen here.  We will send you

the settlement breakdown after we receive funds.

Stephen T. Jones
Associate Attorney
FCRA Attorneys
5301 Alpha Rd, Suite 80-5
Dallas, TX 75240
T: (469) 589-5601
F: (469) 669-0786

---

**From:** Stephen Varela <lycurgusdoctrine@gmail.com>
**Sent:** Friday, May 29, 2026 4:59 PM
**To:</**

# EXHIBIT E

 **Gmail**

**Stephen Varela <lycurgusdoctrine@gmail.com>**

## Formal Demand for Trust-Account Accounting and Immediate Disbursement

1 message

**Stephen Varela** <lycurgusdoctrine@gmail.com>                    Mon, Jun 8, 2026 at 12:59 PM
To: Stephen Jones <stephen@fcraattorneys.com>
Cc: Audrey Cate <audrey@fcraattorneys.com>, Ashlee Sanchez <Ashlee@fcraattorneys.com>

To FCRA Attorneys PLLC, "Texas Debt Law","Jaffer & Associates",

Mr. Jones,

This is a formal written demand for a full trust-account accounting pursuant to Texas Disciplinary Rule of Professional Conduct 1.14(a) and (b) and Paragraph 5.8 of our Attorney Engagement Agreement.

Under Rule 1.14(a): "A lawyer shall promptly notify a client of the receipt of funds… and shall promptly deliver to the client any funds that the client is entitled to receive."

Under Rule 1.14(b): "Upon request by the client, the lawyer shall promptly render a full accounting regarding such property."

These provisions are mandatory, not discretionary. Paragraph 5.8 of our retainer states:

"After any funds have been deposited into the attorney-client trust account and have cleared the bank, a separate check for the amounts previously agreed upon will immediately be sent to you."

Because settlement funds were received on May 28, 2026, and after several requests I still have not been paid nor provided my complete client file as of today, June 8, 2026, I am invoking my right to a full trust-account accounting.

I hereby demand the following no later than the close of business today:

the exact date and time the settlement funds were received; the exact amount received; a copy of the trust-account ledger showing the deposit; a copy of the ledger showing all activity related to my funds; the current balance of the trust account; an explanation for any delay in disbursement; and immediate release of my portion of the settlement funds, as well as the immediate production of my full client file.

This request is made under the authority of Texas Disciplinary Rule 1.14(a) (prompt notification), Rule 1.14(b) (mandatory accounting), Rule 1.14(c) (no withholding without lawful dispute), and Paragraph 5.8 of our retainer (immediate disbursement).

**Stephen Varela**
Authorized Correspondent

_____

Riverside, CA *(949) 624-1343*

On Thu, Jun 4, 2026 at 12:02 PM Stephen Jones <stephen@fcraattorneys.com> wrote:
> Nobody is holding funds hostage.  The firm simply wants to make sure we are not mistakenly sending
> money to the wrong place.  Given the ease of recording videos with modern phones, this is a reasonable

# EXHIBIT F

 **Gmail**

**Stephen Varela <lycurgusdoctrine@gmail.com>**

---

## URGENT / PRIOR MATERIAL BREACH & CONVERSION "IMMEDIATE TERMINATION" – Case No. 5:26-cv-258

1 message

---

**Stephen Varela** <lycurgusdoctrine@gmail.com>      Mon, Jun 15, 2026 at 12:14 PM
To: Stephen Jones <stephen@fcraattorneys.com>, ecf jaffer <ecf@jaffer.law>
Cc: Ashlee Sanchez <Ashlee@fcraattorneys.com>, Audrey Cate <audrey@fcraattorneys.com>
Bcc: PDevata@seyfarth.com, JDrury@seyfarth.com, jstanzick@seyfarth.com, StephenVarela93@gmail.com

Dear

Mr. Jones and Mr. Jaffer,

I, Stephen Varela am writing to formally terminate the services of FCRA Attorneys Pllc (aka Texas Debt Law, aka Shawn Jaffer & Associates) and Stephen Jones (#361613 & Texas Bar No.: 24094760) & Shawn Jaffer, Firm Owner effective immediately.

Opposing counsel confirmed on June 4, 2026, that your firm possessed the cleared settlement funds of $35,000.00 since May 28, 2026.

Despite holding my cleared funds, you withheld the settlement paperwork from me and waited until June 1 for disbursement signature and had filed a Dismissal with Prejudice never having paid your own client.

Per Paragraph 5.8 of our Attorney Engagement Agreement, your firm was contractually obligated to immediately distribute my portion of those funds upon clearing. Your deliberate failure to disburse my funds, combined with your ongoing refusal to communicate, and provide a legitimate client file constitutes conversion, a severe breach of fiduciary duty, and an absolute prior material breach of our retainer contract.

Because your firm broke the contract, your firm and all associated entities (including Texas Debt Law and Shawn Jaffer & Associates) have forfeited any right to a contingency fee or attorney's lien.

You no longer have authority to act or speak on my behalf with any and all prior limited authority rescinded effective upon receipt of this email.

Immediately provide a mandatory accounting ledger, as previously requested and ignored, trust account balance sheet, and wire receipts showing the status of the $35,000.00.

Deliver an electronic download link for my complete client file, including all internal/external emails, attorney notes, within 48 hours.

The matter will be presented to federal judge immediately for emergency review with additional parties BCC within this correspondence as witness of receipt.


CC:

Email: stephen@fcraattorneys.com
Stephen Jones
#361613 & Texas Bar No.: 24094760
FCRA ATTORNEYS

777 S. Alameda, 2nd Floor
Los Angeles, CA 90021
(214) 945 - 0000


Stephen T. Jones
Associate Attorney
FCRA Attorneys
5301 Alpha Rd, Suite 80-5
Dallas, TX 75240
T: (469) 589-5601


**Stephen Varela**
Authorized Correspondent

_____

Riverside, CA *(949) 624-1343*

# EXHIBIT G

6/17/26, 10:53 AM — Gmail - FORMAL NOTICE OF INTENT TO FILE EX PARTE APPLICATION PURSUANT TO L.R. 7-19 – Varela v. Accurate Backgr…

Case 5:26-cv-00258-KK-DTB   Document 23   Filed 06/19/26   Page 42 of 84   Page ID #:150

 **Gmail**

**Stephen Varela <lycurgusdoctrine@gmail.com>**

## FORMAL NOTICE OF INTENT TO FILE EX PARTE APPLICATION PURSUANT TO L.R. 7-19 – Varela v. Accurate Background, Inc., Case No. 5:26-cv-00258-KK-DTB

1 message

**Stephen Varela** <lycurgusdoctrine@gmail.com>   Mon, Jun 15, 2026 at 1:01 PM
To: jstanzick@seyfarth.com, JDrury@seyfarth.com, PDevata@seyfarth.com
Cc: nbrown@seyfarth.com, sjames@seyfarth.com
Bcc: StephenVarela93@gmail.com

Dear Seyfarth Law,

Please accept this email as formal notice pursuant to Central District of California Local Rule 7-19.

As you are aware from the formal termination correspondence sent earlier today, June 15, 2026 (on which your defense team was blindly copied as witnesses of receipt), the attorney-client relationship between myself and former counsel FCRA Attorneys PLLC, (aka TEXAS DEBT LAW aka Shawn Jaffer & Associates) Stephen Jones, and Shawn Jaffer has been terminated effective immediately in good cause due to severe misconduct and conversion of settlement funds.

Consequently, I am no longer represented by counsel and am proceeding pro se.

On Thursday, June 18, 2026, at 9:00 AM, I will electronically file an emergency Ex Parte Application to:

(1) Substitute Attorney of Record and Proceed Pro Se; and

(2) Vacate the Voluntary Dismissal under FRCP 60(b)

(3) and (6) via the Court's Electronic Document Submission System (EDSS).

I am moving to vacate the June 2 dismissal on the grounds of egregious attorney misconduct, prior material breach, and conversion of the settlement proceeds. Following your confirmation on June 4 that the $35,000.00 settlement funds were successfully wired to my former counsel on May 28, those individuals have completely withheld my contractual portion and ceased communication, resulting in a total structural breakdown of counsel.

Because my jurisdictional deadlines under the Federal Rules are actively running, I face immediate and irreparable harm.

Pursuant to Local Rule 7-19, please advise by Wednesday, June 17, 2026, at 4:00 PM whether your client opposes, takes no position, or stipulates to this application to substitute counsel and vacate the dismissal.

I am required by the Court to explicitly include your position in my emergency filing papers on Thursday morning.

Sincerely,
Stephen Varela
Plaintiff Pro Se

Case 5:26-cv-00252-KK-DTB Document 23 Filed 06/19/26 Page 43 of 84 Page ID #:151

CC:
Pamela Devata | John Drury |
& Jasmine Stanzick
Seyfarth Shaw LLP
233 S. Wacker Drive | Suite 8000 | Chicago, Illinois 60606-6448

**Stephen Varela**
Authorized Correspondent

_____

Riverside, CA *(949) 624-1343*

# EXHIBIT H

Case 5:26-cv-00258-KK-DTB Document 23 Filed 06/19/26 Page 45 of 84 Page ID #:153

 Gmail

**Stephen Varela <lycurgusdoctrine@gmail.com>**

## Re: FORMAL NOTICE OF INTENT TO FILE EX PARTE APPLICATION PURSUANT TO L.R. 7-19 – Varela v. Accurate Background, Inc., Case No. 5:26-cv-00258-KK-DTB

1 message

**Stephen Varela** <lycurgusdoctrine@gmail.com>                    Mon, Jun 15, 2026 at 2:56 PM
To: "Devata, Pamela" <PDevata@seyfarth.com>
Cc: "Stanzick, Jasmine" <JStanzick@seyfarth.com>, "Drury, John" <JDrury@seyfarth.com>

Dear Seyfarth Law,

Thank you for your prompt response and for providing additional written confirmation that Accurate Background, Inc. has fully disbursed the settlement funds to my former counsel, FCRA Attorneys PLLC (aka TEXAS DEBT LAW, aka SHAWN JAFFER & ASSOCIATES).

To clarify, my upcoming application to vacate is not based on any breach, delay, or failure by Accurate Background, Inc. Rather, it is based strictly on the conversion of funds, gross misconduct, and prior material breach committed by my own former counsel, which has directly corrupted the integrity of the dismissal paperwork.

Pursuant to Central District Local Rule 7-19, I am noting your respectful objection to vacating the dismissal, as well as your neutral position regarding my structural substitution to proceed pro se, within my moving papers.

As previously noticed, I will proceed with electronically submitting the Emergency Ex Parte Application through the Court's Electronic Document Submission System (EDSS) at the expiration of the notice window on Thursday, June 18, 2026, at 9:00 AM. A complete copy of the filed master packet will be transmitted to your team immediately upon submission.

Sincerely,


**Stephen Varela**
Authorized Correspondent
_____

Riverside, CA *(949) 624-1343*


On Mon, Jun 15, 2026 at 2:40 PM Devata, Pamela <PDevata@seyfarth.com> wrote:

> Hi Mr. Varela,
>
> Thank you for your email.  It sounds like there is a disagreement with you and the FCRA Attorneys PLLC.
>
> Attached is the settlement agreement that you previously signed.
>
> Accurate has provided the payment to your former lawyers in accordance with the terms of the signed settlement agreement and has met all of its obligations under the agreement.  Therefore, we respectfully

object to vacating any dismissal; however, we take no position as to any dispute between you and your former counsel.  It seems that the only dispute remaining is between you and them.

We'd encourage you to reach out to your former attorneys to discuss the payment of the settlement.

Best,

Pam Devata

**Pamela Devata** (she/her/hers) | Partner | Seyfarth Shaw LLP
233 S. Wacker Drive | Suite 8000 | Chicago, Illinois 60606-6448
Direct: +1-312-460-5882 | Mobile: +1-312-371-0320
PDevata@seyfarth.com | www.seyfarth.com



CONFIDENTIALITY WARNING:  This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited.  If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

**From:** Stephen Varela <lycurgusdoctrine@gmail.com>
**Sent:** Monday, June 15, 2026 3:01 PM
**To:** Stanzick, Jasmine <JStanzick@seyfarth.com>; Drury, John <JDrury@seyfarth.com>; Devata, Pamela <PDevata@seyfarth.com>
**Cc:** Brown, Nicole <NBrown@seyfarth.com>; James, Shirley L. <sjames@seyfarth.com>
**Subject:** FORMAL NOTICE OF INTENT TO FILE EX PARTE APPLICATION PURSUANT TO L.R. 7-19 – Varela v. Accurate Background, Inc., Case No. 5:26-cv-00258-KK-DTB

Dear Seyfarth Law,

Please accept this email as formal notice pursuant to Central District of California Local Rule 7-19.

As you are aware from the formal termination correspondence sent earlier today, June 15, 2026 (on which your defense team was blindly copied as witnesses of receipt), the attorney-client relationship between myself and former counsel FCRA Attorneys PLLC, (aka TEXAS DEBT LAW aka Shawn Jaffer & Associates) Stephen Jones, and Shawn Jaffer has been terminated effective immediately in good cause due to severe misconduct and conversion of settlement funds.

Consequently, I am no longer represented by counsel and am proceeding pro se.

On Thursday, June 18, 2026, at 9:00 AM, I will electronically file an emergency Ex Parte Application to:

(1) Substitute Attorney of Record and Proceed Pro Se; and

(2) Vacate the Voluntary Dismissal under FRCP 60(b)

(3) and (6) via the Court's Electronic Document Submission System (EDSS).

I am moving to vacate the June 2 dismissal on the grounds of egregious attorney misconduct, prior material breach, and conversion of the settlement proceeds. Following your confirmation on June 4 that the $35,000.00 settlement funds were successfully wired to my former counsel on May 28, those individuals have completely withheld my contractual portion and ceased communication, resulting in a total structural breakdown of counsel.

Because my jurisdictional deadlines under the Federal Rules are actively running, I face immediate and irreparable harm.

Pursuant to Local Rule 7-19, please advise by Wednesday, June 17, 2026, at 4:00 PM whether your client opposes, takes no position, or stipulates to this application to substitute counsel and vacate the dismissal.

I am required by the Court to explicitly include your position in my emergency filing papers on Thursday morning.

Sincerely,
Stephen Varela
Plaintiff Pro Se

CC:
Pamela Devata | John Drury |
& Jasmine Stanzick
Seyfarth Shaw LLP
233 S. Wacker Drive | Suite 8000 | Chicago, Illinois 60606-6448

**Stephen Varela**

Authorized Correspondent

_____

Riverside, CA *(949) 624-1343*

# EXHIBIT I

 **Gmail**

Stephen Varela <lycurgusdoctrine@gmail.com>

# Formal Notice: Shawn Jaffer | Stephen Jones FCRA Attorneys PLLC / TEXAS DEBT LAW / Shawn Jaffer & Associates
1 message

**Stephen Varela** <lycurgusdoctrine@gmail.com>                    Wed, Jun 17, 2026 at 7:32 AM
To: ecf jaffer <ecf@jaffer.law>, Stephen Jones <stephen@fcraattorneys.com>
Cc: Ashlee Sanchez <Ashlee@fcraattorneys.com>, Audrey Cate <audrey@fcraattorneys.com>
Bcc: StephenVarela93@gmail.com

Jones, Jaffer,

Pursuant to Central District of California Local Rule 7-19, this email serves as formal, explicit notice that I will be electronically submitting an Emergency Ex Parte Application to Substitute Attorney of Record and Vacate the Voluntary Dismissal to the United States District Court for the Central District of California.

This application will be uploaded through the Court's Electronic Document Submission System (EDSS) tomorrow morning, Thursday, June 18, 2026, at 9:00 AM PST. The basis of this emergency application is your firm's gross misconduct, failure to communicate, and active withholding of my $15,758.70 net settlement escrow funds following the court dismissal entered on June 2, 2026.

The application seeks to immediately substitute myself pro se, vacate the dismissal order to protect my jurisdictional rights under FRCP 59(e) and 60(b), and requests that the Court issue an Order to Show Cause (OSC) mandating a full, certified trust ledger accounting and personal monetary sanctions against you.

Pursuant to Local Rule 7-19, you have until 4:00 PM PST today, Wednesday, June 17, 2026, to respond to this email stating whether your firm opposes, stipulates to, or takes no position regarding my structural substitution to proceed pro se and the vacating of the dismissal.

Your response, or your failure to respond, will be logged verbatim under penalty of perjury within my moving papers for Judge Kato's immediate review.
Stephen Varela
Plaintiff Pro Se


**Stephen Varela**
Authorized Correspondent
_____
Riverside, CA *(949) 624-1343*

# EXHIBIT J

···    ›    **Stephen Varela Case File**

| | Modified ˅ | Modified By ˅ | File size ˅ |
|---|---|---|---|
| | 5 days ago | Nuha Mohammad | 243 KB |
| | 5 days ago | Nuha Mohammad | 3.59 MB |
| | 5 days ago | Nuha Mohammad | 154 KB |
| | 5 days ago | Nuha Mohammad | 19.1 KB |
| | 5 days ago | Nuha Mohammad | 21.5 KB |
| | 5 days ago | Nuha Mohammad | 19.0 KB |
| | 5 days ago | Nuha Mohammad | 59.4 KB |
| | 5 days ago | Nuha Mohammad | 687 KB |
| | 5 days ago | Nuha Mohammad | 18.7 KB |
| | 5 days ago | Nuha Mohammad | 723 KB |

jafferlaw-my.sharepoint.com

··· > **Stephen Varela Case File** 👥 🌐

| Name ⌄ | | Modifie |
|---|---|---|
| StephenVarela_FCRA_Dispute_Accurate... ✎ | | 5 days |
| Varela I9 Documents (List B & C) 10.26.... ✎ | | 5 days |
| Varela initial disclosures to Defendant (... ✎ | | 5 days |
| Varela v. Accurate - Defendant's Initial ... ✎ | | 5 days |
| Varela v. Accurate - Def's First Set of RF... ✎ | | 5 days |
| Varela v. Accurate - Def's First Set of R... ✎ | | 5 days |
| Varela v. Accurate - Def's Notice of Dep... ✎ | | 5 days |
| Varela W9.pdf ✎ ··· ↗ | | 5 days |
| Varela Wire authorization form .pdf ✎ | | 5 days |
| Varela, Stephen v. Accurate - Defendan... ✎ | | 5 days |

✦ jafferlaw-my.sharepoint.com ⬆

··· › **Stephen Varela Case File**

| Name ⌄ | | Modifi |
|---|---|---|
| FCRA Stephen Jones Copy.pdf | ✎ | 5 days |
| Fully executd SA-Varela v Accurate.pdf | ✎ | 5 days |
| Initial_NonUpdated_Report_PhysicalCo... | ✎ | 5 days |
| Jurisdictional Discharge 11_25_2017.pdf | ✎ | 5 days |
| Plaintiff's RFP's tp Accurate Backgroun... | ✎ | 5 days |
| Plaintiff's Roggs to Defendant Accurate... | ✎ | 5 days |
| Plaintiff'sRFA's to Defendant Accurate ... | ✎ | 5 days |
| Retainer.pdf | ✎ | 5 days |
| Signed SA-Varela v Accurate.pdf | ✎ | 5 days |
| Signed Settlement breakdown letter .pdf | ✎ | 5 days |

✦     jafferlaw-my.sharepoint.com

··· › **Stephen Varela Case File** 👥 🌐

| Name ⌄ | | Modifie |
|---|---|---|
| 16.1 - Exhibit to Joint REQUEST.pdf | ✎ | 5 days a |
| 19-NOPS.pdf | ✎ | 5 days a |
| 21 - JOINT STIPULATION OF DISMISSA... | ✎ | 5 days a |
| 21.1 -[PROPOSED] ORDER GRANTING ... | ✎ | 5 days a |
| 22 - ORDER GRANTING JOINT STIPULA... | ✎ | 5 days a |
| Accurate Background – Disp... ✎ ··· ↗ | | 5 days a |
| Accurate_LoginPortal_FullView_2025-1... | ✎ | 5 days a |
| Accurate_PostDispute_UpdatedBackgr... | ✎ | 5 days a |
| Accurate_RequestedInitialReport_Post... | ✎ | 5 days a |
| Accurate_ServiceRequest_Acknowledg... | ✎ | 5 days a |

✦ **jafferlaw-my.sharepoint.com** ↑

··· > **Stephen Varela Case File** 🤝 🌐

| Name ∨ | | Modified |
|---|---|---|
| 08 - 21 DAY Summons.pdf | ✎ | 5 days a |
| 09 - NOTICE OF DEFICIENCIES.pdf | ✎ | 5 days a |
| 10 - PROCESS RECEIPT AND RETURN.pdf | ✎ | 5 days a |
| 11 - STIPULATION Extending Time to A... | ✎ | 5 days a |
| 12 - CORPORATE DISCLOSURE STATEM... | ✎ | 5 days a |
| 13 - ANSWER to Complaint.pdf | ✎ | 5 days a |
| 14 - ORDER SETTING SCHEDULING CO... | ✎ | 5 days a |
| 15 - JOINT REPORT.pdf | ✎ | 5 days a |
| 15.1 - Exhibit to JOINT REPORT.pdf | ✎ | 5 days a |
| 16 - Joint REQUEST.pdf | ✎ | 5 days a |

✦ **jafferlaw-my.sharepoint.com** ⬆

···    ›    **Stephen Varela Case File**

| Name ⌄ | | Modified |
|---|---|---|
| )1 - COMPLAINT.pdf | 🖉 | 5 days ago |
| )1.1 - Civil Cover Sheet.pdf | 🖉 | 5 days ago |
| )3 - DISCLOSURE OF INTERESTED PAR… | 🖉 | 5 days ago |
| )4 - NOTICE OF ASSIGNMENT.pdf | 🖉 | 5 days ago |
| )5 - NOTICE TO PARTIES.pdf | 🖉 | 5 days ago |
| )6 - Notice to Counsel.pdf  🖉  ···  ↗ | | 5 days ago |
| )7 - CIVIL STANDING ORDER.pdf | 🖉 | 5 days ago |
| )8 - 21 DAY Summons.pdf | 🖉 | 5 days ago |
| )9 - NOTICE OF DEFICIENCIES.pdf | 🖉 | 5 days ago |
| 10 - PROCESS RECEIPT AND RETURN.pdf 🖉 | | 5 days ago |

✦    **jafferlaw-my.sharepoint.com**

# EXHIBIT K

**FCRA Attorneys Pllc**
5301 Alpha Rd, Ste. 80-5
Dallas, Texas 75240
Tel: (214) 945-0000
Fax: (469) 669-0786
www.jaffer.law

## ATTORNEY ENGAGEMENT AGREEMENT

"You" _____Stephen Varela_____, engage and authorize FCRA Attorneys Pllc ("Law Firm") to investigate potential claims against your creditors and the Consumer Reporting Agencies meaning Equifax, Transunion, and Experian or other consumer reporting agencies (collectively referred to as "Adverse Parties") for violations of the Fair Credit Reporting Act ("FCRA"), and if the Law Firm's investigation shows that such a claim would have merit and that filing suit is appropriate, to file suit.

1  **REPRESENTATION:**

   1.1 **Scope of Representation.** You understand and agree that you are hiring and retaining the services of the Law Firm solely to help resolve errors on your consumer report(s) and nothing else. This representation includes representation up and through trial, if any.

   1.2 **Outside Scope of Representation.** You understand and agree that the Law Firm will not represent You in any counterclaims, arbitration, or lawsuits related or unrelated to disputes arising or related to any of your credit accounts or debt collection account(s). This agreement does not involve the filing of any appeals whether You are the prevailing party or not.

   1.3 **Condition of Effectiveness.** This Agreement does not take effect and Law Firm has no obligation to provide any legal services, until You accept all terms and conditions of this Agreement, and the Law Firm sends you written confirmation after the Law Firm's investigation that the Law Firm shall represent you against certain Adverse Parties.

   1.4 **Effective Date.** This Agreement shall be effective on the date the Law Firm completes its investigation and sends you a written confirmation specifying the Adverse Parties against whom the Law Firm agrees to represent You.

   1.5 **Term.** This Agreement shall commence on the Effective Date and continue until termination of this Agreement as provided for below.

2  **ATTORNEYS FEES AND COSTS**

   2.1 **We Will Not Charge Up Front for Our Fees and Costs:** You understand that the Law Firm agrees to represent you in this matter in reliance of the fee- shifting provisions of the FCRA, which allows us to bill the defendants, and not you, for our time. You hereby agree to allow the Law Firm to seek its attorneys' fees from any defendant(s). You agree that the attorneys' fees will be dependent on a successful outcome of Your claims against Adverse Parties achieved through a settlement or judgment. You authorize the Law Firm to negotiate attorneys' fees and costs with Adverse Parties in settlements or obtain them through the court.

   2.2 **Fee Shifting.** Fee-shifting means that if a consumer successfully sues a credit reporting agency, creditor, or other entity for violations of the Fair Credit Reporting Act (FCRA)and wins the case, the Adverse Parties may be obligated to pay the consumer's attorneys' fees and costs.

   2.3 **Attorney and Paralegal Rates.** The Law Firm billable rates are $495 per hour for associate attorneys, $650 per hour for the managing attorney(s), and $195 per hour for paralegals.

   2.4 **Denial of Hourly Fee Arrangements.** You acknowledge that Attorney has discussed with the You the fee arrangement described in this Agreement and have explained its implications. You

*Stephen Varela*

also acknowledge that Attorney has provided You the option of being charged an hourly fee for Attorney's services and that Attorney has explained the implication of the hourly fee option. You further acknowledge that you have denied the hourly fee arrangement with the Law Firm and instead elected the fee-shifting arrangement.

2.5 **Costs and Fees.** The Law Firm may cover necessary case-related costs upfront such as court fees, process server fees, deposition fees, and mediation fees. These costs and fees shall be repaid to the Law Firm from any settlement, judgment, after deducting the attorneys' fees. However, if the Law Firm advises against further litigation and You undertake further litigation then You agree to pay for any costs and fees that may be necessary within two business days or any deadline whichever is sooner.

2.6 **Multiple Adverse Parties.** In a lawsuit with multiple Adverse Parties, if an Adverse Party settles with You, then You authorize the Law Firm to recoup all costs and fees incurred to date in the litigation before releasing your portion of the settlement or award.

2.7 **Awards under the FCRA and Attorney's Fees.** Under the FCRA, successful You may be entitled to recover three different types of damages: actual, statutory, and punitive.

    2.7.1 **Actual Damages** may include recovery for your out-of-pocket expenses or monetary losses incurred as a result of a defendant's violations of the FCRA, and in some instances, damages designed to compensate you for your emotional distress and actual damages. In addition to any payment or award of attorneys' fees, the Law Firm is entitled to 40% of any actual damages paid to you either by verdict, judgment, or settlement. This 40% contingency is in ADDITION to the attorneys' fees for their actual time spent working on the case before any actual damages will be paid.

    2.7.2 **Statutory Damages** of up to $1,000 may be awarded to you only if a Defendant is found to have willfully violated the FCRA. This award is rarely awarded in FCRA cases because Defendants do not admit to willful violations of FCRA.

    2.7.3 **Punitive Damages** may be awarded to you based on a defendant's willful violations of the FCRA and may be imposed by courts to punish a defendant if its behavior is found to be particularly egregious. Punitive damages are typically only available after a trial and an award by a jury. In addition to any payment or award of attorneys' fees and actual damages, the Law Firm is entitled to 40% of any punitive damages paid to you either by verdict, judgment, or settlement.

    2.7.4 **Non-Monetary Benefits:** Sometimes we are able to negotiate the deletion of the negatively reporting debt from your credit report and the partial or full waiver of your debt(s) owed to furnisher(s) (i.e., the creditors or debt collectors) . This is considered non-monetary relief and has actual value to you. Unless you instruct the Law Firm in writing, prior to settlement, not to negotiate for deletion of the account and/or debt waiver, The Law Firm will seek that relief whenever possible. You will never be obligated to pay The Law Firm anything out-of- pocket for non- monetary benefits achieved. Instead, this non-monetary relief merely serves as an offset based on your recovery in this action. The Law Firm calculates the monetary value you receive from the deletion of a negatively reporting account as $2,500, and the monetary value of the debt waiver at 33% of the debt waived. The Law Firm will add the monetary value of the tradeline deletion and debt waiver to the overall calculation of benefits you were granted in the settlement agreement, and they will be offset from the settlement amount after the costs and attorneys' fees are deducted.

2.8 **Adverse Outcome: THE LAW FIRM WILL NOT CHARGE YOU FOR ANY ATTORNEYS' FEES IF YOU LOSE YOUR CASE**. The Law Firm will seek attorneys' fees from defendant(s) or the Court, and not from you (except under very rare circumstances). You hereby agree to cooperate in any proceedings necessary to obtain the Law Firm's attorneys' fees; notwithstanding that our attorneys' fees will likely exceed the amount of your recovery. The Law Firm will pursue legal fees from you (at the rates described above) only in the event

*Stephen Varela*

that: (i) you have made or do make in the future any material misrepresentations of fact to us about your case, (ii) you agree to accept a settlement without a requirement that defendant(s) fully pay our fees, or (iii) you fail to cooperate with the Law Firm in the prosecution of your case/claims. The Law Firm will not charge you for attorney's fees if you lose your case.

2.9 **Right to Reject.** To the extent that Your claims are valid and based on good facts as determined by the Law Firm, You instruct the Law Firm to reject all offers on Your behalf that would not yield Your attorneys' fees and costs earned to date.

2.10 **Your Right to Settle.** The Law Firm will not settle the lawsuit without Your consent, and You will not waive the right to recover attorneys' fees and/or costs as part of any settlement with any Adverse Party.

2.11 **Right to Dismiss.** You authorize the Law Firm to dismiss your lawsuit with or without prejudice in the event it is determined by the Law Firm that you provided false, untruthful, or incomplete information or documents; or misrepresented your claims or the facts in any way.

2.12 **Duty to Communicate:** You authorize the Law Firm to dismiss your lawsuit or withdraw from representation if you do not maintain communication with us in a reasonable manner as determined by the Law Firm.

2.13 **Assignment of Right to Fee Award.** You assign to the Law Firm all rights conferred by statute or rule to recover attorneys' fees, costs, and expenses from Adverse Parties.

2.14 **Guarantee Disclaimer.** You acknowledge that the Law Firm has not made any promise, guarantee or prediction to You about the outcome of Your claims against any Adverse Party.

## 3   OBLIGATIONS OF THE PARTIES

### 3.1 Your Obligations.

**You will perform the following obligations:**

3.1.1   Provide the Law Firm with all information and documents related to the FCRA Claims;

3.1.2   As an ongoing obligation, You will promptly provide all information related to the FCRA Claims to the Law Firm. All information provided by You must be truthful and accurate. The Law Firm is under no obligation to verify information supplied by You.

3.1.3   You will forward all correspondence from Adverse Party within five (5) days to the Law Firm;

3.1.4   You will timely respond to all requests, communications or documentation from the Law Firm or its representatives and will promptly provide the Law Firm with any change of address or other contact information;

3.1.5   You shall not independently dispute with any Creditor or Credit Reporting Agency, whether through a 3rd Party or on Your own, without the express written authorization of the Law Firm, throughout the term of the representation.

3.1.6   You shall appear at depositions, mediations, trial and other events where your appearance is required.

### 3.2 Law Firm's Obligations.

3.2.1   In consideration for Your obligations, the Law Firm agrees to use its best efforts to obtain a satisfactory result for You by providing legal services in connection with claims against Adverse Parties in connection with the FCRA Claims on an efficient and cost-effective basis. You expressly agree that the Law Firm makes no specific guarantee regarding the outcome of the case. The Law Firm offers its advice based on the information as disclosed by You and You agree that the Law Firm is not responsible and assumes no liability for changes in the law, changes in Your financial situation, and/or facts as revealed after review of documentation that could affect in any way any advice the Law Firm gives You.

## 4   DISAGREEMENT BETWEEN YOU AND LAWFIRM

4.1 **Consent for Withdrawal of Representation.** In the event of a disagreement between You and

the Law Firm regarding the prosecution or resolution of your claims against any Adverse Party, you hereby authorize the Law Firm to withdraw from your case. If such a situation arises, the Law Firm will notify You of the Law Firm's intent to withdraw due to the disagreement and You will have two options:

    **4.1.1**   **Agree with the Law Firm's Proposed Course of Action:** You can choose to accept the strategy recommended by the Law Firm for prosecuting or resolving your claims against Adverse Parties, within 5 calendar days; **OR**

    **4.1.2**   **Allow Withdrawal of Law Firm Representation:** Alternatively, if you do not agree with the Law Firm's recommended strategy, you must permit and assist the Law Firm to withdraw from your case and you may find new legal counsel or proceed with Your case as a *Pro Se* self-representing party. You also authorize the Law Firm to file an attorneys' fee lien for costs and attorneys' fees earned to date, and in ADDITION 45% of the total of any settlements or verdicts before costs..

**4.2 <u>Arbitration of Fee Disputes</u>.** If a dispute arises between You and the Law Firm regarding legal fees, You and the Law Firm agree to resolve that dispute through the State Bar's Arbitration Program. Either party may initiate the fee arbitration by contacting the State Bar's Fee Arbitration Program.

**4.3 <u>Arbitration of All Claims.</u>** Any controversy, dispute, or claim arising out of or relating to attorneys' fees, charges, performance of legal services, obligations reflected in this contract, legal malpractice, or other aspects of the Law Firm' representation of You shall be resolved through binding arbitration with a mutually agreeable single arbitrator, in accordance with the then effective Commercial Arbitration Rules of the JAMS, or such other rules and procedures to which the parties may agree, and judgment on the arbitration award may be rendered by any court having jurisdiction thereof. The parties shall initially agree on a single arbitrator to resolve the dispute. The matter may be arbitrated as mutually agreed upon by the parties. The arbitration shall be conducted in Dallas County, Texas. The cost of the arbitration, excluding legal fees, will be split equally or be borne by the losing party, as determined by the arbitrator. The parties shall bear their own legal fees.

**YOU ACKNOWLEDGE THAT BY AGREEING TO ARBITRATION, YOU ARE RELINQUISHING YOUR RIGHT TO BRING AN ACTION IN COURT AND TO A JURY TRIAL.**

**4.4 <u>Texas Law Applies.</u>** This Agreement shall be construed under, and in accordance with, the laws of the State of Texas, and the rights, duties and obligations of You and of the Law Firm regarding Your representation, or regarding any other thing covered by this Agreement, shall be governed by the laws of the State of Texas. While the parties agree that any disputes arising out of this agreement are subject to arbitration pursuant paragraphs above, in the event that provision should be deemed unenforceable, any suit between the You and the Law Firm and/or their representatives or associates regarding Attorney's representation of You, or regarding any other thing covered by this Contract, will be filed in a Court of competent jurisdiction in Dallas County, Texas.

## 5   <u>GENERAL PROVISIONS</u>

**5.1 Statute of Limitations.** There are short time frames provided by law for the filing of claims, with some that expire within a year. It is essential that this Agreement be signed and returned as soon as possible.

**5.2 Other Counsel.** You acknowledge and agree that the Law Firm may retain additional co-counsel or local counsel to represent You. In such an event, these lawyers will be compensated out of the fees paid to the Law Firm and such representation will not affect Your recovery.

**5.3 Communication Via E-Mail.** In the Law Firm's experience, it is often necessary to communicate with You in writing. Communications that the Law Firm would ordinarily make to the You by letter can often be made more quickly by email. However, there may be risks associated with email communication. The Law Firm has no control over the computer networks and systems through which messages between the Law Firm and the You pass, or over the computer system networks and systems You use to receive and store emails sent by the Law Firm. Accordingly, it is impossible for the Law Firm to ensure that confidential communications between the Law Firm and You will not be seen or intercepted by third-parties. Nevertheless, the You wish to authorize the Law Firm to communicate with You by email as has been done already.

**5.4 Contemporaneous Records.** Each attorney who appears in this matter, if more than one, agrees to keep detailed, contemporaneous records of all billable time expended and all necessary costs, disbursements and expenses incurred in these cases, and maintain separate records of such time and costs for each matter.

**5.5 Taxes.** There may be tax implications when a case is settled or when a judge or jury awards damages, costs, and attorneys' fees to you. The Law Firm shall not provide you with any tax advice. You are required to consult with your own tax advisor, CPA, or tax attorney regarding the taxation of any awards before signing this Agreement. You shall be solely liable for your own taxes owed from any settlement or award. You understand and agree that the Law Firm does not provide tax advice and that you further agree that you have sought independent tax advice before you entered into this agreement and that you agree to be liable for any taxes that may be due on your settlement or award. You agree to indemnify and hold harmless the Law Firm and its attorneys, employees and staff from any tax liabilities that you may incur on your settlement or damages award, if any.

**5.6 Severability of Contract.** This Contract shall be binding upon and inure to the benefit of You and the Law Firm and their respective heirs, executors, administrators, representatives, associates, successors and/or assigns. In case any one or more of the provisions contained in this Contract shall for any reason be held to be invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provisions thereof and this Contract shall be construed as if such invalid, illegal, or unenforceable provision had never been contained therein.

**5.7 Prior Agreements Superseded.** This Contract constitutes the sole and only agreement between You and the Law Firm and supersedes any prior understandings or agreements, written or oral, between the You and the Law Firm respecting the subject matter hereof and the representation contemplated hereby.

**5.8 Limited Power of Attorney:** The Law Firm has a limited power of attorney to sign settlement documents (including W-9s) and deposit any settlement/judgment proceeds. You hereby appoint any attorney at the Law Firm to serve as your true and lawful attorney to execute as attorney-in-fact or by usage of your digital signature any settlement documents (including W-9s, in the event of a monetary recovery) and deposit any settlement/judgment checks. After any funds have been deposited into the attorney client trust account and have cleared the bank, a separate check for the amounts previously agreed upon or awarded by the court will immediately be sent to you. You also give the Law Firm the power to deduct from any settlement check all "costs" that have been incurred as detailed above. The powers of attorney listed in this provision are durable and shall not be affected any subsequent disability or incapacity.

**5.9 Authorization to Dismiss Lawsuit:** In the event after the Law Firm files your lawsuit and Defendants provide information about your claim that makes it appear that you misrepresented or falsified the facts, claims, or documents or you did not provide the full facts, documents, or

information as part of the Law Firm's evaluation or pre-litigation phases then you authorize the Law Firm to dismiss your lawsuit with or without prejudice. You understand if your lawsuit is dismissed with prejudice, you will no longer have the right to refile that claim in the future.

**5.10  Client Files and File Maintenance.** During representation, the Law Firm will maintain a

file relating to Your legal matter. At the conclusion of the representation, the Law Firm will give Your file to You. After the Law Firm gives the file to You, information contained in Your file will no longer be available from the Law Firm. If the Law Firm is unable to return Your file to You at the conclusion of the representation, the Law Firm will maintain Your file for five years after representation ends. By signing this fee agreement, You agree that Your file may be destroyed after that five-year period ends. The Law Firm maintains records electronically and by use of digital images and does not retain paper copies of documents, unless required by rule or statute. You may obtain paper copies of documents in Your file upon request to us, with reasonable notice and paying 25 cents per page plus courier charges. By signing this fee agreement, You consent to the Law Firm maintaining Your file electronically.

Sincerely,

/s/ Shawn Jaffer
FCRA Attorneys Pllc

I hereby agree to the terms and conditions of this attorney engagement agreement.

*Stephen Varela*

_____

06/12/1993

_____
Date of Birth

▮▮▮▮▮▮▮

_____
Social Security Number

"Date of Birth and SSN are required to locate your consumer files with the Credit Reporting Agencies for potential correction and removal of negative tradelines."

**Form W-9**
(Rev. March 2024)
Department of the Treasury
Internal Revenue Service

## Request for Taxpayer
## Identification Number and Certification

Go to *www.irs.gov/FormW9* for instructions and the latest information.

Give form to the requester. Do not send to the IRS.

**Before you begin.** For guidance related to the purpose of Form W-9, see *Purpose of Form*, below.

1  Name of entity/individual. An entry is required. (For a sole proprietor or disregarded entity, enter the owner's name on line 1, and enter the business/disregarded entity's name on line 2.)

Stephen Varela

2  Business name/disregarded entity name, if different from above.

3a  Check the appropriate box for federal tax classification of the entity/individual whose name is entered on line 1. Check only **one** of the following seven boxes.

[✓] Individual/sole proprietor   [ ] C corporation   [ ] S corporation   [ ] Partnership   [ ] Trust/estate

[ ] LLC. Enter the tax classification (C = C corporation, S = S corporation, P = Partnership)  . . . . _____

**Note:** Check the "LLC" box above and, in the entry space, enter the appropriate code (C, S, or P) for the tax classification of the LLC, unless it is a disregarded entity. A disregarded entity should instead check the appropriate box for the tax classification of its owner.

[ ] Other (see instructions)  _____

3b  If on line 3a you checked "Partnership" or "Trust/estate," or checked "LLC" and entered "P" as its tax classification, and you are providing this form to a partnership, trust, or estate in which you have an ownership interest, check this box if you have any foreign partners, owners, or beneficiaries. See instructions  . . . . . . . . . [ ]

4  Exemptions (codes apply only to certain entities, not individuals; see instructions on page 3):

Exempt payee code (if any) _____

Exemption from Foreign Account Tax Compliance Act (FATCA) reporting code (if any) _____

*(Applies to accounts maintained outside the United States.)*

5  Address (number, street, and apt. or suite no.). See instructions.

9170 Indiana Ave Apt 201

6  City, state, and ZIP code

Riverside, Ca, 92503

Requester's name and address (optional)

7  List account number(s) here (optional)

*Print or type. See Specific Instructions on page 3.*

## Part I   Taxpayer Identification Number (TIN)

Enter your TIN in the appropriate box. The TIN provided must match the name given on line 1 to avoid backup withholding. For individuals, this is generally your social security number (SSN). However, for a resident alien, sole proprietor, or disregarded entity, see the instructions for Part I, later. For other entities, it is your employer identification number (EIN). If you do not have a number, see *How to get a TIN*, later.

**Note:** If the account is in more than one name, see the instructions for line 1. See also *What Name and Number To Give the Requester* for guidelines on whose number to enter.

Social security number

[■■■■■■■■■■■]

or

Employer identification number

[    -        ]

## Part II   Certification

Under penalties of perjury, I certify that:

1. The number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me); and

2. I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding; and

3. I am a U.S. citizen or other U.S. person (defined below); and

4. The FATCA code(s) entered on this form (if any) indicating that I am exempt from FATCA reporting is correct.

**Certification instructions.** You must cross out item 2 above if you have been notified by the IRS that you are currently subject to backup withholding because you have failed to report all interest and dividends on your tax return. For real estate transactions, item 2 does not apply. For mortgage interest paid, acquisition or abandonment of secured property, cancellation of debt, contributions to an individual retirement arrangement (IRA), and, generally, payments other than interest and dividends, you are not required to sign the certification, but you must provide your correct TIN. See the instructions for Part II, later.

**Sign Here**   Signature of U.S. person   *Stephen Varela*   Date   12 / 30 / 2025

## General Instructions

Section references are to the Internal Revenue Code unless otherwise noted.

**Future developments.** For the latest information about developments related to Form W-9 and its instructions, such as legislation enacted after they were published, go to *www.irs.gov/FormW9*.

## What's New

Line 3a has been modified to clarify how a disregarded entity completes this line. An LLC that is a disregarded entity should check the appropriate box for the tax classification of its owner. Otherwise, it should check the "LLC" box and enter its appropriate tax classification.

New line 3b has been added to this form. A flow-through entity is required to complete this line to indicate that it has direct or indirect foreign partners, owners, or beneficiaries when it provides the Form W-9 to another flow-through entity in which it has an ownership interest. This change is intended to provide a flow-through entity with information regarding the status of its indirect foreign partners, owners, or beneficiaries, so that it can satisfy any applicable reporting requirements. For example, a partnership that has any indirect foreign partners may be required to complete Schedules K-2 and K-3. See the Partnership Instructions for Schedules K-2 and K-3 (Form 1065).

## Purpose of Form

An individual or entity (Form W-9 requester) who is required to file an information return with the IRS is giving you this form because they

Cat. No. 10231X

Form **W-9** (Rev. 3-2024)

Doc ID: fd9b19070ffcb4ba87d0d3903656b0d710c930ff

must obtain your correct taxpayer identification number (TIN), which may be your social security number (SSN), individual taxpayer identification number (ITIN), adoption taxpayer identification number (ATIN), or employer identification number (EIN), to report on an information return the amount paid to you, or other amount reportable on an information return. Examples of information returns include, but are not limited to, the following.

• Form 1099-INT (interest earned or paid).

• Form 1099-DIV (dividends, including those from stocks or mutual funds).

• Form 1099-MISC (various types of income, prizes, awards, or gross proceeds).

• Form 1099-NEC (nonemployee compensation).

• Form 1099-B (stock or mutual fund sales and certain other transactions by brokers).

• Form 1099-S (proceeds from real estate transactions).

• Form 1099-K (merchant card and third-party network transactions).

• Form 1098 (home mortgage interest), 1098-E (student loan interest), and 1098-T (tuition).

• Form 1099-C (canceled debt).

• Form 1099-A (acquisition or abandonment of secured property).

Use Form W-9 only if you are a U.S. person (including a resident alien), to provide your correct TIN.

**Caution:** If you don't return Form W-9 to the requester with a TIN, you might be subject to backup withholding. See *What is backup withholding*, later.

**By signing the filled-out form**, you:

1. Certify that the TIN you are giving is correct (or you are waiting for a number to be issued);

2. Certify that you are not subject to backup withholding; or

3. Claim exemption from backup withholding if you are a U.S. exempt payee; and

4. Certify to your non-foreign status for purposes of withholding under chapter 3 or 4 of the Code (if applicable); and

5. Certify that FATCA code(s) entered on this form (if any) indicating that you are exempt from the FATCA reporting is correct. See *What Is FATCA Reporting*, later, for further information.

**Note:** If you are a U.S. person and a requester gives you a form other than Form W-9 to request your TIN, you must use the requester's form if it is substantially similar to this Form W-9.

**Definition of a U.S. person.** For federal tax purposes, you are considered a U.S. person if you are:

• An individual who is a U.S. citizen or U.S. resident alien;

• A partnership, corporation, company, or association created or organized in the United States or under the laws of the United States;

• An estate (other than a foreign estate); or

• A domestic trust (as defined in Regulations section 301.7701-7).

**Establishing U.S. status for purposes of chapter 3 and chapter 4 withholding.** Payments made to foreign persons, including certain distributions, allocations of income, or transfers of sales proceeds, may be subject to withholding under chapter 3 or chapter 4 of the Code (sections 1441–1474). Under those rules, if a Form W-9 or other certification of non-foreign status has not been received, a withholding agent, transferee, or partnership (payor) generally applies presumption rules that may require the payor to withhold applicable tax from the recipient, owner, transferor, or partner (payee). See Pub. 515, Withholding of Tax on Nonresident Aliens and Foreign Entities.

The following persons must provide Form W-9 to the payor for purposes of establishing its non-foreign status.

• In the case of a disregarded entity with a U.S. owner, the U.S. owner of the disregarded entity and not the disregarded entity.

• In the case of a grantor trust with a U.S. grantor or other U.S. owner, generally, the U.S. grantor or other U.S. owner of the grantor trust and not the grantor trust.

• In the case of a U.S. trust (other than a grantor trust), the U.S. trust and not the beneficiaries of the trust.

See Pub. 515 for more information on providing a Form W-9 or a certification of non-foreign status to avoid withholding.

**Foreign person.** If you are a foreign person or the U.S. branch of a foreign bank that has elected to be treated as a U.S. person (under Regulations section 1.1441-1(b)(2)(iv) or other applicable section for chapter 3 or 4 purposes), do not use Form W-9. Instead, use the appropriate Form W-8 or Form 8233 (see Pub. 515). If you are a qualified foreign pension fund under Regulations section 1.897(l)-1(d), or a partnership that is wholly owned by qualified foreign pension funds, that is treated as a non-foreign person for purposes of section 1445 withholding, do not use Form W-9. Instead, use Form W-8EXP (or other certification of non-foreign status).

**Nonresident alien who becomes a resident alien.** Generally, only a nonresident alien individual may use the terms of a tax treaty to reduce or eliminate U.S. tax on certain types of income. However, most tax treaties contain a provision known as a saving clause. Exceptions specified in the saving clause may permit an exemption from tax to continue for certain types of income even after the payee has otherwise become a U.S. resident alien for tax purposes.

If you are a U.S. resident alien who is relying on an exception contained in the saving clause of a tax treaty to claim an exemption from U.S. tax on certain types of income, you must attach a statement to Form W-9 that specifies the following five items.

1. The treaty country. Generally, this must be the same treaty under which you claimed exemption from tax as a nonresident alien.

2. The treaty article addressing the income.

3. The article number (or location) in the tax treaty that contains the saving clause and its exceptions.

4. The type and amount of income that qualifies for the exemption from tax.

5. Sufficient facts to justify the exemption from tax under the terms of the treaty article.

*Example.* Article 20 of the U.S.-China income tax treaty allows an exemption from tax for scholarship income received by a Chinese student temporarily present in the United States. Under U.S. law, this student will become a resident alien for tax purposes if their stay in the United States exceeds 5 calendar years. However, paragraph 2 of the first Protocol to the U.S.-China treaty (dated April 30, 1984) allows the provisions of Article 20 to continue to apply even after the Chinese student becomes a resident alien of the United States. A Chinese student who qualifies for this exception (under paragraph 2 of the first Protocol) and is relying on this exception to claim an exemption from tax on their scholarship or fellowship income would attach to Form W-9 a statement that includes the information described above to support that exemption.

If you are a nonresident alien or a foreign entity, give the requester the appropriate completed Form W-8 or Form 8233.

# Backup Withholding

**What is backup withholding?** Persons making certain payments to you must under certain conditions withhold and pay to the IRS 24% of such payments. This is called "backup withholding." Payments that may be subject to backup withholding include, but are not limited to, interest, tax-exempt interest, dividends, broker and barter exchange transactions, rents, royalties, nonemployee pay, payments made in settlement of payment card and third-party network transactions, and certain payments from fishing boat operators. Real estate transactions are not subject to backup withholding.

You will not be subject to backup withholding on payments you receive if you give the requester your correct TIN, make the proper certifications, and report all your taxable interest and dividends on your tax return.

**Payments you receive will be subject to backup withholding if:**

1. You do not furnish your TIN to the requester;

2. You do not certify your TIN when required (see the instructions for Part II for details);

3. The IRS tells the requester that you furnished an incorrect TIN;

4. The IRS tells you that you are subject to backup withholding because you did not report all your interest and dividends on your tax return (for reportable interest and dividends only); or

5. You do not certify to the requester that you are not subject to backup withholding, as described in item 4 under "*By signing the filled-out form*" above (for reportable interest and dividend accounts opened after 1983 only).

Doc ID: fd9b19070ffcb4ba87d0d3903656b0d710c930ff

Certain payees and payments are exempt from backup withholding. See *Exempt payee code*, later, and the separate Instructions for the Requester of Form W-9 for more information.

See also *Establishing U.S. status for purposes of chapter 3 and chapter 4 withholding*, earlier.

## What Is FATCA Reporting?

The Foreign Account Tax Compliance Act (FATCA) requires a participating foreign financial institution to report all U.S. account holders that are specified U.S. persons. Certain payees are exempt from FATCA reporting. See *Exemption from FATCA reporting code*, later, and the Instructions for the Requester of Form W-9 for more information.

## Updating Your Information

You must provide updated information to any person to whom you claimed to be an exempt payee if you are no longer an exempt payee and anticipate receiving reportable payments in the future from this person. For example, you may need to provide updated information if you are a C corporation that elects to be an S corporation, or if you are no longer tax exempt. In addition, you must furnish a new Form W-9 if the name or TIN changes for the account, for example, if the grantor of a grantor trust dies.

## Penalties

**Failure to furnish TIN.** If you fail to furnish your correct TIN to a requester, you are subject to a penalty of $50 for each such failure unless your failure is due to reasonable cause and not to willful neglect.

**Civil penalty for false information with respect to withholding.** If you make a false statement with no reasonable basis that results in no backup withholding, you are subject to a $500 penalty.

**Criminal penalty for falsifying information.** Willfully falsifying certifications or affirmations may subject you to criminal penalties including fines and/or imprisonment.

**Misuse of TINs.** If the requester discloses or uses TINs in violation of federal law, the requester may be subject to civil and criminal penalties.

## Specific Instructions

### Line 1

You must enter one of the following on this line; **do not** leave this line blank. The name should match the name on your tax return.

If this Form W-9 is for a joint account (other than an account maintained by a foreign financial institution (FFI)), list first, and then circle, the name of the person or entity whose number you entered in Part I of Form W-9. If you are providing Form W-9 to an FFI to document a joint account, each holder of the account that is a U.S. person must provide a Form W-9.

• **Individual.** Generally, enter the name shown on your tax return. If you have changed your last name without informing the Social Security Administration (SSA) of the name change, enter your first name, the last name as shown on your social security card, and your new last name.

**Note for ITIN applicant:** Enter your individual name as it was entered on your Form W-7 application, line 1a. This should also be the same as the name you entered on the Form 1040 you filed with your application.

• **Sole proprietor.** Enter your individual name as shown on your Form 1040 on line 1. Enter your business, trade, or "doing business as" (DBA) name on line 2.

• **Partnership, C corporation, S corporation, or LLC, other than a disregarded entity.** Enter the entity's name as shown on the entity's tax return on line 1 and any business, trade, or DBA name on line 2.

• **Other entities.** Enter your name as shown on required U.S. federal tax documents on line 1. This name should match the name shown on the charter or other legal document creating the entity. Enter any business, trade, or DBA name on line 2.

• **Disregarded entity.** In general, a business entity that has a single owner, including an LLC, and is not a corporation, is disregarded as an entity separate from its owner (a disregarded entity). See Regulations section 301.7701-2(c)(2). A disregarded entity should check the appropriate box for the tax classification of its owner. Enter the owner's name on line 1. The name of the owner entered on line 1 should never be a disregarded entity. The name on line 1 should be the name shown on the income tax return on which the income should be reported. For

example, if a foreign LLC that is treated as a disregarded entity for U.S. federal tax purposes has a single owner that is a U.S. person, the U.S. owner's name is required to be provided on line 1. If the direct owner of the entity is also a disregarded entity, enter the first owner that is not disregarded for federal tax purposes. Enter the disregarded entity's name on line 2. If the owner of the disregarded entity is a foreign person, the owner must complete an appropriate Form W-8 instead of a Form W-9. This is the case even if the foreign person has a U.S. TIN.

### Line 2

If you have a business name, trade name, DBA name, or disregarded entity name, enter it on line 2.

### Line 3a

Check the appropriate box on line 3a for the U.S. federal tax classification of the person whose name is entered on line 1. Check only one box on line 3a.

| IF the entity/individual on line 1 is a(n) . . . | THEN check the box for . . . |
|---|---|
| • Corporation | Corporation. |
| • Individual or<br>• Sole proprietorship | Individual/sole proprietor. |
| • LLC classified as a partnership for U.S. federal tax purposes or<br>• LLC that has filed Form 8832 or 2553 electing to be taxed as a corporation | Limited liability company and enter the appropriate tax classification:<br>P = Partnership,<br>C = C corporation, or<br>S = S corporation. |
| • Partnership | Partnership. |
| • Trust/estate | Trust/estate. |

### Line 3b

Check this box if you are a partnership (including an LLC classified as a partnership for U.S. federal tax purposes), trust, or estate that has any foreign partners, owners, or beneficiaries, and you are providing this form to a partnership, trust, or estate, in which you have an ownership interest. You must check the box on line 3b if you receive a Form W-8 (or documentary evidence) from any partner, owner, or beneficiary establishing foreign status or if you receive a Form W-9 from any partner, owner, or beneficiary that has checked the box on line 3b.

**Note:** A partnership that provides a Form W-9 and checks box 3b may be required to complete Schedules K-2 and K-3 (Form 1065). For more information, see the Partnership Instructions for Schedules K-2 and K-3 (Form 1065).

If you are required to complete line 3b but fail to do so, you may not receive the information necessary to file a correct information return with the IRS or furnish a correct payee statement to your partners or beneficiaries. See, for example, sections 6698, 6722, and 6724 for penalties that may apply.

### Line 4 Exemptions

If you are exempt from backup withholding and/or FATCA reporting, enter in the appropriate space on line 4 any code(s) that may apply to you.

**Exempt payee code.**

• Generally, individuals (including sole proprietors) are not exempt from backup withholding.

• Except as provided below, corporations are exempt from backup withholding for certain payments, including interest and dividends.

• Corporations are not exempt from backup withholding for payments made in settlement of payment card or third-party network transactions.

• Corporations are not exempt from backup withholding with respect to attorneys' fees or gross proceeds paid to attorneys, and corporations that provide medical or health care services are not exempt with respect to payments reportable on Form 1099-MISC.

The following codes identify payees that are exempt from backup withholding. Enter the appropriate code in the space on line 4.

1—An organization exempt from tax under section 501(a), any IRA, or a custodial account under section 403(b)(7) if the account satisfies the requirements of section 401(f)(2).

Doc ID: fd9b19070ffcb4ba87d0d3903656b0d710c930ff

2—The United States or any of its agencies or instrumentalities.

3—A state, the District of Columbia, a U.S. commonwealth or territory, or any of their political subdivisions or instrumentalities.

4—A foreign government or any of its political subdivisions, agencies, or instrumentalities.

5—A corporation.

6—A dealer in securities or commodities required to register in the United States, the District of Columbia, or a U.S. commonwealth or territory.

7—A futures commission merchant registered with the Commodity Futures Trading Commission.

8—A real estate investment trust.

9—An entity registered at all times during the tax year under the Investment Company Act of 1940.

10—A common trust fund operated by a bank under section 584(a).

11—A financial institution as defined under section 581.

12—A middleman known in the investment community as a nominee or custodian.

13—A trust exempt from tax under section 664 or described in section 4947.

The following chart shows types of payments that may be exempt from backup withholding. The chart applies to the exempt payees listed above, 1 through 13.

| IF the payment is for . . . | THEN the payment is exempt for . . . |
|---|---|
| • Interest and dividend payments | All exempt payees except for 7. |
| • Broker transactions | Exempt payees 1 through 4 and 6 through 11 and all C corporations. S corporations must not enter an exempt payee code because they are exempt only for sales of noncovered securities acquired prior to 2012. |
| • Barter exchange transactions and patronage dividends | Exempt payees 1 through 4. |
| • Payments over $600 required to be reported and direct sales over $5,000[1] | Generally, exempt payees 1 through 5.[2] |
| • Payments made in settlement of payment card or third-party network transactions | Exempt payees 1 through 4. |

[1] See Form 1099-MISC, Miscellaneous Information, and its instructions.

[2] However, the following payments made to a corporation and reportable on Form 1099-MISC are not exempt from backup withholding: medical and health care payments, attorneys' fees, gross proceeds paid to an attorney reportable under section 6045(f), and payments for services paid by a federal executive agency.

**Exemption from FATCA reporting code.** The following codes identify payees that are exempt from reporting under FATCA. These codes apply to persons submitting this form for accounts maintained outside of the United States by certain foreign financial institutions. Therefore, if you are only submitting this form for an account you hold in the United States, you may leave this field blank. Consult with the person requesting this form if you are uncertain if the financial institution is subject to these requirements. A requester may indicate that a code is not required by providing you with a Form W-9 with "Not Applicable" (or any similar indication) entered on the line for a FATCA exemption code.

A—An organization exempt from tax under section 501(a) or any individual retirement plan as defined in section 7701(a)(37).

B—The United States or any of its agencies or instrumentalities.

C—A state, the District of Columbia, a U.S. commonwealth or territory, or any of their political subdivisions or instrumentalities.

D—A corporation the stock of which is regularly traded on one or more established securities markets, as described in Regulations section 1.1472-1(c)(1)(i).

E—A corporation that is a member of the same expanded affiliated group as a corporation described in Regulations section 1.1472-1(c)(1)(i).

F—A dealer in securities, commodities, or derivative financial instruments (including notional principal contracts, futures, forwards, and options) that is registered as such under the laws of the United States or any state.

G—A real estate investment trust.

H—A regulated investment company as defined in section 851 or an entity registered at all times during the tax year under the Investment Company Act of 1940.

I—A common trust fund as defined in section 584(a).

J—A bank as defined in section 581.

K—A broker.

L—A trust exempt from tax under section 664 or described in section 4947(a)(1).

M—A tax-exempt trust under a section 403(b) plan or section 457(g) plan.

**Note:** You may wish to consult with the financial institution requesting this form to determine whether the FATCA code and/or exempt payee code should be completed.

## Line 5

Enter your address (number, street, and apartment or suite number). This is where the requester of this Form W-9 will mail your information returns. If this address differs from the one the requester already has on file, enter "NEW" at the top. If a new address is provided, there is still a chance the old address will be used until the payor changes your address in their records.

## Line 6

Enter your city, state, and ZIP code.

## Part I. Taxpayer Identification Number (TIN)

**Enter your TIN in the appropriate box.** If you are a resident alien and you do not have, and are not eligible to get, an SSN, your TIN is your IRS ITIN. Enter it in the entry space for the Social security number. If you do not have an ITIN, see *How to get a TIN* below.

If you are a sole proprietor and you have an EIN, you may enter either your SSN or EIN.

If you are a single-member LLC that is disregarded as an entity separate from its owner, enter the owner's SSN (or EIN, if the owner has one). If the LLC is classified as a corporation or partnership, enter the entity's EIN.

**Note:** See *What Name and Number To Give the Requester*, later, for further clarification of name and TIN combinations.

**How to get a TIN.** If you do not have a TIN, apply for one immediately. To apply for an SSN, get Form SS-5, Application for a Social Security Card, from your local SSA office or get this form online at *www.SSA.gov*. You may also get this form by calling 800-772-1213. Use Form W-7, Application for IRS Individual Taxpayer Identification Number, to apply for an ITIN, or Form SS-4, Application for Employer Identification Number, to apply for an EIN. You can apply for an EIN online by accessing the IRS website at *www.irs.gov/EIN*. Go to *www.irs.gov/Forms* to view, download, or print Form W-7 and/or Form SS-4. Or, you can go to *www.irs.gov/OrderForms* to place an order and have Form W-7 and/or Form SS-4 mailed to you within 15 business days.

If you are asked to complete Form W-9 but do not have a TIN, apply for a TIN and enter "Applied For" in the space for the TIN, sign and date the form, and give it to the requester. For interest and dividend payments, and certain payments made with respect to readily tradable instruments, you will generally have 60 days to get a TIN and give it to the requester before you are subject to backup withholding on payments. The 60-day rule does not apply to other types of payments. You will be subject to backup withholding on all such payments until you provide your TIN to the requester.

**Note:** Entering "Applied For" means that you have already applied for a TIN or that you intend to apply for one soon. See also *Establishing U.S. status for purposes of chapter 3 and chapter 4 withholding*, earlier, for when you may instead be subject to withholding under chapter 3 or 4 of the Code.

**Caution:** A disregarded U.S. entity that has a foreign owner must use the appropriate Form W-8.

Form W-9 (Rev. 3-2024)

Page **5**

## Part II. Certification

To establish to the withholding agent that you are a U.S. person, or resident alien, sign Form W-9. You may be requested to sign by the withholding agent even if item 1, 4, or 5 below indicates otherwise.

For a joint account, only the person whose TIN is shown in Part I should sign (when required). In the case of a disregarded entity, the person identified on line 1 must sign. Exempt payees, see *Exempt payee code*, earlier.

**Signature requirements.** Complete the certification as indicated in items 1 through 5 below.

**1. Interest, dividend, and barter exchange accounts opened before 1984 and broker accounts considered active during 1983.** You must give your correct TIN, but you do not have to sign the certification.

**2. Interest, dividend, broker, and barter exchange accounts opened after 1983 and broker accounts considered inactive during 1983.** You must sign the certification or backup withholding will apply. If you are subject to backup withholding and you are merely providing your correct TIN to the requester, you must cross out item 2 in the certification before signing the form.

**3. Real estate transactions.** You must sign the certification. You may cross out item 2 of the certification.

**4. Other payments.** You must give your correct TIN, but you do not have to sign the certification unless you have been notified that you have previously given an incorrect TIN. "Other payments" include payments made in the course of the requester's trade or business for rents, royalties, goods (other than bills for merchandise), medical and health care services (including payments to corporations), payments to a nonemployee for services, payments made in settlement of payment card and third-party network transactions, payments to certain fishing boat crew members and fishermen, and gross proceeds paid to attorneys (including payments to corporations).

**5. Mortgage interest paid by you, acquisition or abandonment of secured property, cancellation of debt, qualified tuition program payments (under section 529), ABLE accounts (under section 529A), IRA, Coverdell ESA, Archer MSA or HSA contributions or distributions, and pension distributions.** You must give your correct TIN, but you do not have to sign the certification.

## What Name and Number To Give the Requester

| For this type of account: | Give name and SSN of: |
|---|---|
| 1. Individual | The individual |
| 2. Two or more individuals (joint account) other than an account maintained by an FFI | The actual owner of the account or, if combined funds, the first individual on the account[1] |
| 3. Two or more U.S. persons (joint account maintained by an FFI) | Each holder of the account |
| 4. Custodial account of a minor (Uniform Gift to Minors Act) | The minor[2] |
| 5. a. The usual revocable savings trust (grantor is also trustee) | The grantor-trustee[1] |
| b. So-called trust account that is not a legal or valid trust under state law | The actual owner[1] |
| 6. Sole proprietorship or disregarded entity owned by an individual | The owner[3] |
| 7. Grantor trust filing under Optional Filing Method 1 (see Regulations section 1.671-4(b)(2)(i)(A))** | The grantor* |

| For this type of account: | Give name and EIN of: |
|---|---|
| 8. Disregarded entity not owned by an individual | The owner |
| 9. A valid trust, estate, or pension trust | Legal entity[4] |
| 10. Corporation or LLC electing corporate status on Form 8832 or Form 2553 | The corporation |
| 11. Association, club, religious, charitable, educational, or other tax-exempt organization | The organization |
| 12. Partnership or multi-member LLC | The partnership |
| 13. A broker or registered nominee | The broker or nominee |
| 14. Account with the Department of Agriculture in the name of a public entity (such as a state or local government, school district, or prison) that receives agricultural program payments | The public entity |
| 15. Grantor trust filing Form 1041 or under the Optional Filing Method 2, requiring Form 1099 (see Regulations section 1.671-4(b)(2)(i)(B))** | The trust |

[1] List first and circle the name of the person whose number you furnish. If only one person on a joint account has an SSN, that person's number must be furnished.

[2] Circle the minor's name and furnish the minor's SSN.

[3] You must show your individual name on line 1, and enter your business or DBA name, if any, on line 2. You may use either your SSN or EIN (if you have one), but the IRS encourages you to use your SSN.

[4] List first and circle the name of the trust, estate, or pension trust. (Do not furnish the TIN of the personal representative or trustee unless the legal entity itself is not designated in the account title.)

*Note: The grantor must also provide a Form W-9 to the trustee of the trust.

** For more information on optional filing methods for grantor trusts, see the Instructions for Form 1041.

Note: If no name is circled when more than one name is listed, the number will be considered to be that of the first name listed.

## Secure Your Tax Records From Identity Theft

Identity theft occurs when someone uses your personal information, such as your name, SSN, or other identifying information, without your permission to commit fraud or other crimes. An identity thief may use your SSN to get a job or may file a tax return using your SSN to receive a refund.

To reduce your risk:

• Protect your SSN,

• Ensure your employer is protecting your SSN, and

• Be careful when choosing a tax return preparer.

If your tax records are affected by identity theft and you receive a notice from the IRS, respond right away to the name and phone number printed on the IRS notice or letter.

If your tax records are not currently affected by identity theft but you think you are at risk due to a lost or stolen purse or wallet, questionable credit card activity, or a questionable credit report, contact the IRS Identity Theft Hotline at 800-908-4490 or submit Form 14039.

For more information, see Pub. 5027, Identity Theft Information for Taxpayers.

Doc ID: fd9b19070ffcb4ba87d0d3903656b0d710c930ff

Victims of identity theft who are experiencing economic harm or a systemic problem, or are seeking help in resolving tax problems that have not been resolved through normal channels, may be eligible for Taxpayer Advocate Service (TAS) assistance. You can reach TAS by calling the TAS toll-free case intake line at 877-777-4778 or TTY/TDD 800-829-4059.

**Protect yourself from suspicious emails or phishing schemes.** Phishing is the creation and use of email and websites designed to mimic legitimate business emails and websites. The most common act is sending an email to a user falsely claiming to be an established legitimate enterprise in an attempt to scam the user into surrendering private information that will be used for identity theft.

The IRS does not initiate contacts with taxpayers via emails. Also, the IRS does not request personal detailed information through email or ask taxpayers for the PIN numbers, passwords, or similar secret access information for their credit card, bank, or other financial accounts.

If you receive an unsolicited email claiming to be from the IRS, forward this message to *phishing@irs.gov*. You may also report misuse of the IRS name, logo, or other IRS property to the Treasury Inspector General for Tax Administration (TIGTA) at 800-366-4484. You can forward suspicious emails to the Federal Trade Commission at *spam@uce.gov* or report them at *www.ftc.gov/complaint*. You can contact the FTC at *www.ftc.gov/idtheft* or 877-IDTHEFT (877-438-4338). If you have been the victim of identity theft, see *www.IdentityTheft.gov* and Pub. 5027.

Go to *www.irs.gov/IdentityTheft* to learn more about identity theft and how to reduce your risk.

## Privacy Act Notice

Section 6109 of the Internal Revenue Code requires you to provide your correct TIN to persons (including federal agencies) who are required to file information returns with the IRS to report interest, dividends, or certain other income paid to you; mortgage interest you paid; the acquisition or abandonment of secured property; the cancellation of debt; or contributions you made to an IRA, Archer MSA, or HSA. The person collecting this form uses the information on the form to file information returns with the IRS, reporting the above information. Routine uses of this information include giving it to the Department of Justice for civil and criminal litigation and to cities, states, the District of Columbia, and U.S. commonwealths and territories for use in administering their laws. The information may also be disclosed to other countries under a treaty, to federal and state agencies to enforce civil and criminal laws, or to federal law enforcement and intelligence agencies to combat terrorism. You must provide your TIN whether or not you are required to file a tax return. Under section 3406, payors must generally withhold a percentage of taxable interest, dividends, and certain other payments to a payee who does not give a TIN to the payor. Certain penalties may also apply for providing false or fraudulent information.

**✖ Dropbox** Sign                                                    Audit trail

| | |
|---|---|
| **Title** | Jaffer Law - FCRA Representation Agreement |
| **File name** | FCRA_Retainer_-_FCRA_Attorneys.docx and 1 other |
| **Document ID** | fd9b19070ffcb4ba87d0d3903656b0d710c930ff |
| **Audit trail date format** | MM / DD / YYYY |
| **Status** | • Signed |

## Document History

|  |  |  |
|---|---|---|
| **SENT** | **12 / 30 / 2025** 19:04:21 UTC | Sent for signature to Stephen Varela (stephenvarela93@gmail.com) from intake@jaffer.law IP: 172.115.233.187 |
| **VIEWED** | **12 / 31 / 2025** 04:47:08 UTC | Viewed by Stephen Varela (stephenvarela93@gmail.com) IP: 71.132.245.88 |
| **SIGNED** | **12 / 31 / 2025** 05:10:53 UTC | Signed by Stephen Varela (stephenvarela93@gmail.com) IP: 71.132.245.88 |
| **COMPLETED** | **12 / 31 / 2025** 05:10:53 UTC | The document has been completed. |

Powered by **✖ Dropbox** Sign

# EXHIBIT L



7700 Preston Rd, Suite 703
Frisco, Texas 75034
T: (214) 945-0000 F: (888) 509-3910

## CLIENT SETTLEMENT BREAKDOWN

Dear Stephen Varela:

We are pleased to inform you that your settlement with Accurate Background Inc., has been

finalized. Below is a detailed breakdown of the settlement amount and applicable deductions:

| Stephen Varela v. Accurate Background Inc. | |
| --- | --- |
| **Check** | **$35,000.00** |
| **Attorney Fees** | **$8,254.50** |
| **Process of Service Fee** | **$76.00** |
| **Filing Fees** | **$405.00** |
| **Firm Fees (40%)** | **$10,505.80** |
| **Net Settlement** | **$15,758.70** |

If you have any questions regarding this breakdown or require further clarification, please do
not hesitate to contact us.

Thank you for allowing us to assist you with your case.

*/s/Stephen Jones*
Stephen Jones

Doc ID: 41f21919fc55bf10f83d528c0a2b958d987b91ed

**Disclaimer:**

This Settlement Breakdown is provided for informational purposes only and reflects the distribution of settlement proceeds based on the terms agreed upon in your **Attorney Engagement Agreement**. The figures presented are subject to final verification and do not constitute legal, financial, or tax advice. If you have any questions or concerns regarding this breakdown, please contact our office before signing. By signing this document, you acknowledge that you have reviewed and understand the terms outlined herein.

**Authorization:**

I, Stephen Varela, acknowledge that I have reviewed the Settlement Breakdown provided above and confirm that it accurately reflects the full settlement funds I will be receiving from my settlement with Accurate Background Inc. I authorize the firm to proceed with the disbursement of funds as outlined in this breakdown. I understand that once the disbursement is processed, any adjustments may require additional approval and processing time.

**Client Signature:** _____ **Date:** 06 / 02 / 2026

 **Dropbox** Sign                                                         Audit trail

| | |
|---|---|
| **Title** | Settlement Breakdown Letter - Varela v Accurate |
| **File name** | Settlement_Breakd...a_v_Accurate.docx |
| **Document ID** | 41f21919fc55bf10f83d528c0a2b958d987b91ed |
| **Audit trail date format** | MM / DD / YYYY |
| **Status** | ● Signed |

## Document history

| | | |
|---|---|---|
| SENT | **06 / 01 / 2026**<br>22:00:06 UTC | Sent for signature to Stephen Varela (lycurgusdoctrine@gmail.com) from intake@fcraattorneys.com<br>IP: 73.6.87.117 |
| VIEWED | **06 / 01 / 2026**<br>22:03:00 UTC | Viewed by Stephen Varela (lycurgusdoctrine@gmail.com)<br>IP: 174.227.104.44 |
| SIGNED | **06 / 02 / 2026**<br>16:14:56 UTC | Signed by Stephen Varela (lycurgusdoctrine@gmail.com)<br>IP: 47.159.65.108 |
| COMPLETED | **06 / 02 / 2026**<br>16:14:56 UTC | The document has been completed. |

# EXHIBIT M



**Jaffer & Associates Pllc**
5757 Alpha Rd, Suite 580
Dallas, TX 75240
T: (469)751-7045
F: (888) 509-3910
www.jaffer.law

## WIRE TRANSFER AUTHORIZATION FORM

**Client Information:**

Client Name: Stephen Varela

Client Address: 27410 Barcelona Dr

Corona, CA 92883

**Beneficiary Bank Information:**

Bank Name: CHASE

Bank Address: JPMorgan Chase Bank, N.A.
270 Park Avenue
New York, NY 10017

ABA/Routing Number: 021000021

**Beneficiary Account Information:**

Account Name: Stephen Varela

Account Number: 937931555

**Additional Instructions (if any):**

The CHASE information was provided directly via a CHASE representative.
~~Prior to any disbursement to me olease provide the itemized statement.~~

**Disclaimer:**

Please carefully verify the accuracy of all provided information. Errors in wire transfer details can result in delayed transactions, funds being transferred to incorrect accounts, or financial loss. Wire transfers are irrevocable and cannot be recalled once initiated. We recommend double-checking all account numbers, routing numbers, and other crucial details. Jaffer & Associates Pllc is not responsible for errors resulting from incorrect information provided by the client.

1

**Authorization:**

I, Stephen Varela_____, hereby authorize and instruct Jaffer & Associates Pllc to initiate a wire transfer as per the above details. I confirm that all information provided is accurate to the best of my knowledge and understand that any errors may result in delays or financial loss for which I am solely responsible.

Signature:_____

Date: 06 / 01 / 2026

Doc ID: d2be6d0cd26638346c46d4295091e77d1cbfd5b0

**Dropbox** Sign                                                    Audit trail

| | |
|---|---|
| **Title** | Wire Authorization Form |
| **File name** | Wire_Transfer_Aut...ion_Form.docx.pdf |
| **Document ID** | d2be6d0cd26638346c46d4295091e77d1cbfd5b0 |
| **Audit trail date format** | MM / DD / YYYY |
| **Status** | ● Signed |

## Document history

| | | |
|---|---|---|
| **SENT** | **06 / 01 / 2026**<br>19:04:05 UTC | Sent for signature to Stephen Varela (lycurgusdoctrine@gmail.com) from intake@fcraattorneys.com<br>IP: 73.6.87.117 |
| **VIEWED** | **06 / 01 / 2026**<br>19:07:28 UTC | Viewed by Stephen Varela (lycurgusdoctrine@gmail.com)<br>IP: 174.227.104.44 |
| **SIGNED** | **06 / 01 / 2026**<br>21:10:08 UTC | Signed by Stephen Varela (lycurgusdoctrine@gmail.com)<br>IP: 47.159.65.108 |
| **COMPLETED** | **06 / 01 / 2026**<br>21:10:08 UTC | The document has been completed. |

Powered by **Dropbox** Sign

# EXHIBIT N

 **Gmail**

Stephen Varela <lycurgusdoctrine@gmail.com>

---

# Stephen Varela v. Accurate Background - Access Your Case File
1 message

---

**Audrey Cate** <audrey@fcraattorneys.com>                     Tue, Jun 9, 2026 at 6:32 AM
To: Stephen Varela <lycurgusdoctrine@gmail.com>
Cc: Stephen Jones <stephen@fcraattorneys.com>, Nuha Mohammad <nuha@fcraattorneys.com>

Dear Mr. Varela,

Please use the link provided below to access your case file.

Link: 📁 Stephen Varela Case File

Sincerely,

**Audrey**
**Paralegal**
**FCRA Attorneys**
5301 Alpha Road, Suite 80 - 5
Dallas, TX  75240
Direct: (469) 589-5024
Main:  (214) 945-0000
Fax: (888) 509-3910
www.Jaffer.law

Stephen Varela
27410 Barcelona Dr.
Corona, CA 92883
(949) 624-1343
LycurgusDoctrine@gmail.com
Petitioner In Pro Per

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

STEPHEN VARELA,

          Plaintiff,

vs.

ACCURATE BACKGROUND, INC.,

          Defendant.

Case No.: 5:26-cv-00258-KK-DTB

[PROPOSED] ORDER

Hearing Date: Chamber Review Requested
Action Filed: January 2026
Dismissal Entered: June 2, 2026

[PROPOSED] ORDER

GOOD CAUSE APPEARING, IT IS ORDERED THAT:

1. Plaintiff's Application to Substitute Counsel is GRANTED. Stephen Varela is designated as Plaintiff pro se.

2. The Order of Dismissal entered on June 2, 2026, is VACATED.

3. The Court retains jurisdiction over this matter to consider requests regarding fee

///

///

///

[PROPOSED] ORDER

1

freezing, fee forfeiture, accounting demands, and potential disciplinary referrals.

IT IS SO ORDERED.

HON. KENLY KIYA KATO

Dated: _____

_____
United States District Judge

Stephen Varela
27410 Barcelona Dr.
Corona, CA 92883
(949) 624-1343
LycurgusDoctrine@gmail.com
Petitioner In Pro Per

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

STEPHEN VARELA,

          Plaintiff,

vs.

ACCURATE BACKGROUND, INC.,

          Defendant.

Case No.: 5:26-cv-00258-KK-DTB

PROOF OF SERVICE

Hearing Date: Chamber Review Requested
Action Filed: January 2026
Dismissal Entered: June 2, 2026

I, Teresa Robles, declare:

    I am over the age of 18 and not a party to this action. My address is 27410 Barcelona Dr., Corona, CA 92883.

On June 19, 2026, I served the foregoing:

- EX PARTE APPLICATION TO SUBSTITUTE ATTORNEY OF RECORD AND VACATE DISMISSAL;

- MEMORANDUM OF POINTS AND AUTHORITIES;

- DECLARATION OF STEPHEN VARELA;

///

PROOF OF SERVICE

1

- [PROPOSED] ORDER; AND

- EXHIBITS A–N

on the following recipients by email:

**Defense Counsel:**
**Pamela Devata – PDevata@seyfarth.com**
**John Drury – JDrury@seyfarth.com**
**Jasmine Stanzick – JStanzick@seyfarth.com**

**Former Counsel:**
**Stephen Jones – stephen@fcraattorneys.com**
**Shawn Jaffer – ecf@jaffer.law**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 19, 2026, in Temescal Valley, California.

_____
Teresa Robles

PROOF OF SERVICE

2