Jasmine Jane Stanzick (SBN 354704)
jstanzick@seyfarth.com
SEYFARTH SHAW LLP
2029 Century Park East
Suite 3500
Los Angeles, California 90067-3021
Telephone: (310) 277-7200
Facsimile: (310) 201-5219

Attorneys for Defendant

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN VARELA,<br><br>    Plaintiff,<br><br>    v.<br><br>ACCURATE BACKGROUND, INC.,<br><br>    Defendant. | Case No. 5:26-cv-00258-KK (DTBx)<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION [ECF NO. 23]** |

DEFENDANT'S OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION [ECF NO. 23]

Defendant ACCURATE BACKGROUND, LLC, by its attorneys, hereby opposes Plaintiff's *Ex Parte* Application to: Substitute Attorney of Record and Proceed *Pro Se* and Vacate the Voluntary Dismissal Pursuant to FRCP 60(b)(3) and (6) (ECF No. 23 (the "Application")).[1]

## INTRODUCTION

Plaintiff seeks to reopen a properly dismissed case to litigate a separate dispute between himself and his now-former counsel, FCRA Attorneys, over the disbursement of settlement funds – a dispute in which Accurate plays no part.  Plaintiff does not contest that he authorized, signed, and entered into a binding settlement agreement with Accurate.  Nor does Plaintiff contest that Accurate satisfied all of its obligations under the settlement agreement, including the timely transmittal of the full settlement amount to his former counsel, FCRA Attorneys.  By Plaintiff's own admission, there are no remaining disputes between Plaintiff and Accurate.

Plaintiff's grievance – that his former counsel will not release his share of the settlement proceeds – provides no basis to vacate the dismissal.  Relief under Federal Rule of Civil Procedure 60(b)(3) reaches only fraud or misconduct by an *opposing party*, not a movant's own lawyer, and Plaintiff alleges none by Accurate.  Relief under Rule 60(b)(6) is reserved for extraordinary circumstances, which a post-settlement dispute with one's own counsel is not.  Accordingly, Plaintiff's application to vacate the dismissal should be denied.[2]

---

[1] In support of his Application, Plaintiff attached to the public docket a copy of the parties' settlement agreement.  (*See* ECF No. 23, Ex. A.)  That agreement is confidential by its express terms.  Accurate refers to its terms herein only as necessary to respond to the Application and does not waive, and expressly preserves, the confidentiality of the agreement and all its terms.

[2] Accurate takes no position on Plaintiff's request to formally substitute his counsel of record and proceed *pro se*, which concerns only Plaintiff's choice of representation.  Accurate's opposition is limited to Plaintiff's request to vacate the dismissal.

DEFENDANT'S OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION [ECF NO. 23]

## RELEVANT BACKGROUND

Plaintiff filed this action on January 21, 2026.  (ECF No. 1.)  The parties subsequently reached a settlement, and Plaintiff signed a binding settlement agreement.  Consistent with the terms of the parties' settlement agreement, Accurate timely transmitted the full settlement amount to Plaintiff's counsel of record, FCRA Attorneys, on May 28, 2026.  The parties then filed a stipulated dismissal of the action with prejudice (ECF No. 21), which the Court entered on June 2, 2026 (ECF No. 22).

On June 19, 2026, Plaintiff filed the present Application, seeking to substitute himself *pro se* in place of his former counsel and to vacate the dismissal under Rule 60(b)(3) and (6).  (ECF No. 23.)  Plaintiff's stated basis is that his former counsel – FCRA Attorneys – has refused to release his share of the settlement proceeds, allegedly conditioning release on a video confirmation of his identity.  (*Id.*)

## ARGUMENT

Relief under Rule 60(b) is "an extraordinary remedy" available "only … upon a showing of exceptional circumstances," and the party seeking relief bears the burden. *See Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1103 (9th Cir. 2006).  Plaintiff invokes both Rules 60(b)(3) and (b)(6).  Plaintiff cannot satisfy the requirements of either.

**A.    Plaintiff Cannot Obtain Relief Under Rule 60(b)(3) Because He Alleges No Fraud or Misconduct by Accurate.**

Rule 60(b)(3) permits relief for "fraud, … misrepresentation, or misconduct by *an adverse party*."  Fed. R. Civ. P. 60(b)(3) (emphasis added).  To prevail, the movant "must prove by clear and convincing evidence that the verdict was obtained through fraud, misrepresentation, or other misconduct and the conduct complained of prevented the losing party from fully and fairly presenting the defense."  *De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 880 (9th Cir. 2000) (citations omitted).

Plaintiff's allegations of misconduct run exclusively against his *own* former counsel, not against Accurate, the opposing party.  His motion does not identify any

DEFENDANT'S OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION [ECF NO. 23]

misrepresentation or misconduct by Accurate; indeed, he concedes that Accurate fully performed when it transmitted the full settlement payment to FCRA Attorneys on May 28, 2026.  (ECF No. 23, p. 2.)  Instead, Plaintiff contends that his former counsel is unreasonably refusing to transmit Plaintiff's portion of the settlement proceeds to him by requiring Plaintiff to confirm his identity by video before it will release any part of the settlement proceeds to him.  (*Id.*, p. 3.)  That is a dispute between Plaintiff and FCRA Attorneys that has nothing to do with Accurate and provides no basis to vacate a dismissal under Rule 60(b)(3).  Nor could Plaintiff show that any conduct "prevented" him from presenting a case:  He did not lose on the merits, but voluntarily settled and stipulated to dismissal.

To the extent Plaintiff suggests the dismissal was premature because he has not personally received his share, that misreads the settlement agreement:  receipt by Plaintiff's counsel constituted receipt, and Accurate had no obligation to police his counsel's onward distribution of the funds.  Under the terms of the parties' settlement agreement, Accurate was not required to ensure transmittal of any portion of the settlement payment to Plaintiff personally.  Rather, Section 2 of the settlement agreement states that the settlement payment "will be sent *to Plaintiff's counsel* no later than thirty (30) days after" receipt of the signed agreement, necessary tax documents, and "wire/ACH instructions *from Plaintiff's Counsel.*" (ECF No. 23, Ex. A, ¶ 2 p. 3, emphases added).  Plaintiff's counsel returned those documents to Accurate's counsel on May 5, 2026 (less than 30 days before Accurate's timely transmittal of the settlement payment).  The Agreement in turn provided that, within five business days after receipt of the settlement proceeds, the parties would file a stipulated dismissal of the lawsuit, with prejudice, pursuant to Rule 41(a)(1)(A)(ii).  (*Id.* at ¶ 3, p. 3)  Those conditions were satisfied when Plaintiff's counsel received the funds, and the parties filed the dismissal on June 2, 2026, which the Court then entered (ECF No. 22).  Accordingly, Plaintiff's Rule 60(b)(3) theory fails.

DEFENDANT'S OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION [ECF NO. 23]

**B.      Plaintiff Cannot Obtain Relief Under Rule 60(b)(6) Because a Disbursement Dispute With His Own Counsel Is Not an Extraordinary Circumstance.**

Rule 60(b)(6) is "used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1103 (9th Cir. 2006). The movant "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding .. with the action in a proper fashion." *Latshaw*, 452 F.3d at 1103 (quoting *Community Dental Services v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002)).

Plaintiff can show neither. Plaintiff made a free and deliberate choice to settle his claims and to stipulate to a dismissal with prejudice, and "free, calculated, deliberate choices are not to be relieved from" under Rule 60(b). *Ackermann v. United States*, 340 U.S. 193, 198 (1950); *see Latshaw*, 452 F.3d at 1099 ("[g]enerally speaking, Rule 60(b) is not intended to remedy the effects of a deliberate and independent litigation decision that a party later comes to regret through second thoughts or subsequently gained knowledge that corrects prior erroneous legal advice of counsel."). A post-settlement dispute over Plaintiff's own counsel's disbursement of the settlement funds is not an "extraordinary circumstance," and nothing prevented Plaintiff from taking timely action to protect his interests. Plaintiff received the full benefit of his bargain – a binding settlement, fully funded by Accurate – and his only complaint is that his own counsel will not pay him.

That grievance has no connection to the dismissal. Plaintiff's asserted injury arises entirely from his counsel's conduct *after* the settlement was performed, and vacating the dismissal would do nothing to remedy it. Regardless of the reasons for FCRA Attorneys' apparent refusal to pay its own (now former) client, Accurate fulfilled all of its own obligations under the settlement agreement. To the extent FCRA Attorneys continues to withhold the settlement proceeds from Plaintiff, Plaintiff is entitled to seek relief directly

5

from FCRA Attorneys and to file any Bar complaints or other grievances he may have against FCRA Attorneys – not to vacate a dismissal to which Accurate is entitled.

In any event, even if Plaintiff could identify extraordinary circumstances, the equities foreclose relief.  Reopening this action could not compel FCRA Attorneys – a non-party – to release Plaintiff's funds, so vacatur would do nothing to redress the grievance Plaintiff actually asserts.  At the same time, depriving Accurate of the finality of a dismissal with prejudice – after it fully performed and through no fault of its own – would impose precisely the kind of prejudice Rule 60(b) is meant to prevent.

Accordingly, Plaintiff provides no basis to reopen this case under either Rules 60(b)(3) or (6).

**CONCLUSION**

For the foregoing reasons, Accurate respectfully requests that the Court deny Plaintiff's motion to vacate the voluntary dismissal.

Respectfully submitted,

SEYFARTH SHAW LLP

By: */s/ Jasmine Jane Stanzick*
Jasmine Jane Stanzick

Date: July 1, 2026                    Attorneys for Defendant

DEFENDANT'S OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION [ECF NO. 23]

## **CERTIFICATE OF SERVICE**

I hereby certify that, on July 1, 2026, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notice of such filing to all counsel of record.  I also certify that, on July 1, 2026, I served a copy of the foregoing document by e-mail on Plaintiff Stephen Varela at lycurgusdoctrine@gmail.com.

*/s/ Jasmine Jane Stanzick*
Jasmine Jane Stanzick