UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 26-00258-KK-DTBx** | Date: | July 6, 2026 |
|---|---|---|---|

| Title: | ***Stephen Varela v. Accurate Background, Inc.*** |
|---|---|

Present: The Honorable    KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Dominique Carr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    (In Chambers) Order DENYING Plaintiff's Ex Parte Application to Substitute Attorney of Record, Proceed Pro Se, and Vacate the Voluntary Dismissal [Dkt. 23]**

## I.
## INTRODUCTION

On January 21, 2026, plaintiff Stephen Varela ("Plaintiff"), proceeding with counsel, commenced the instant action by filing a complaint against defendant Accurate Background, Inc. ("Defendant"), raising claims under the Fair Credit Reporting Act ("FCRA") and California law. ECF Docket No. ("Dkt.") 1, Complaint ("Compl."). On June 2, 2026, the Court granted the parties' joint stipulation of dismissal with prejudice ("June 2, 2026 Order"). Dkt. 22, June 2, 2026 Order. On June 19, 2026, Plaintiff filed the instant Ex Parte Application ("Application"), seeking an order terminating representation by his counsel, permitting him to proceed pro se, and vacating the Court's June 2, 2026 Order. Dkt. 23, Application ("App.").

The Court finds this matter appropriate for resolution without oral argument. See Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. For the reasons set forth below, Plaintiff's Application is **DENIED**.

///

///

///

## II.
## BACKGROUND

As alleged in the Complaint, in early September 2025, Plaintiff applied for a position at Jeronimo Logistics.  Compl. ¶ 10.  On September 4, 2025, Defendant, "a consumer reporting agency that provides background checks to employers[] including Jeronimo Logistics," conducted a background check report on Plaintiff.  Id. ¶¶ 9, 11.  "The report contained inaccuracies, including a criminal conviction that was over seven years old," which is prohibited under California law.  Id. ¶¶ 11-12.  "Plaintiff was not hired [] because of the incorrect background check report."  Id. ¶ 13.  "This denial caused emotional distress, reputational harm, and financial damages."  Id. ¶ 15.

Based on these allegations, the Complaint raised the following claims:

1.  **First Cause of Action:**  Negligent Violation of the FCRA;
2.  **Second Cause of Action:**  Willful Violation of the FCRA;
3.  **Third Cause of Action:**  Negligent Violation of the Consumer Credit Reporting Agencies Act ("CCRAA"); and
4.  **Fourth Cause of Action:**  Willful Violation of the CCRAA.

Id. ¶¶ 16-43.

On March 30, 2026, Defendant filed an Answer to the Complaint.  Dkt. 13.

On May 5, 2026, Plaintiff filed a Notice of Settlement, informing the Court the parties had settled and requesting sixty days to "file the appropriate dismissal documents with the Court."  Dkt. 19 at 2.  The next day, the Court closed the case and ordered the parties to file a stipulation of dismissal or motion to re-open by July 6, 2026.  Dkt. 20.

On June 2, 2026, the parties filed a joint stipulation to dismiss Plaintiff's claims against Defendant with prejudice.  Dkt. 21.  On the same day, the Court granted the joint stipulation and dismissed the action with prejudice.  See June 2, 2026 Order.

On June 19, 2026, Plaintiff filed the instant Application, alleging Plaintiff's former counsel failed to disburse the settlement funds and seeking an order permitting him to proceed pro se and vacating the Court's June 2, 2026 Order.  App. at 4-5.  According to Plaintiff, his counsel "required Plaintiff to record a video holding his identification before funds would be disbursed," and Plaintiff objected to the video requirement.  Id. at 3.  In support of the Application, Plaintiff filed copies of the settlement agreement and correspondence with his counsel.  See id. at 6-84.

On July 1, 2026, Defendant filed an Opposition to the Application.  Dkt. 25, Opposition ("Opp.").

This matter, thus, stands submitted.

////

///

---

**CIVIL MINUTES—GENERAL**                Initials of Deputy Clerk DC

### III.
### DISCUSSION

Unlike regularly noticed motions, applications for ex parte relief are "inherently unfair" and "pose a threat to the administration of justice" because "the parties' opportunities to prepare are grossly unbalanced." Mission Power Eng'g Co. v. Cont'l Cas. Co., 883 F. Supp. 488, 490 (C.D. Cal. 1995). Hence, to justify use of ex parte procedures, a party seeking ex parte relief must show: (1) "the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures"; and (2) "the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." Id. at 492. If the underlying motion lacks merit, "failure to hear it cannot be prejudicial." Id.

Here, Plaintiff seeks an order voiding the Court's June 2, 2026 Order and permitting Plaintiff to proceed pro se. App. at 1-2. However, as stated above, ex parte relief poses a significant threat to the administration of justice and thus is only permitted in limited circumstances. Mission Power Eng'g Co., 883 F. Supp. at 490. Plaintiff fails to provide "any reason explaining why ex parte relief is justified." Est. of Wuxi Chenhwat Almatech Co. v. Prestige Autotech Corp., No. EDCV 21-00906-JGB-SPx, 2022 WL 17363058, at *4 (C.D. Cal. Nov. 3, 2022) (denying ex parte relief where plaintiff presented no justification for use of ex parte procedures); see generally App. As such, the Court finds no basis for finding Plaintiff would face irreparable prejudice by filing a properly noticed motion for relief from the Court's June 2, 2026 Order.

Accordingly, Plaintiff's Application is **DENIED**.

### IV.
### CONCLUSION

For the foregoing reasons, Plaintiff's Application is **DENIED**.

**IT IS SO ORDERED**.